**TRUCK DRIVERS & HELPERS UNION LOCAL 784, Appellant,**

v.

**ULRY-TALBERT COMPANY, a Corporation, Appellee.**

**No. 17453.**

United States Court of Appeals Eighth Circuit.

April 14, 1964.

David D. Weinberg, Omaha, Neb., for appellant.

Robert A. Nelson, of Nelson, Harding & Acklie, Lincoln, Neb., for appellee, with Harold A. Prince, Grand Island, Neb.

Before VOGEL, MATTHES and BLACKMUN, Circuit Judges.

VOGEL, Circuit Judge.

The appellant, Truck Drivers & Helpers Union Local 784, was the duly certified collective bargaining agent for employees of Ulry-Talbert Company, appellee. Appellant and appellee are parties to a collective bargaining agreement effective August 27, 1962, covering wages, hours and working conditions of em-

ployees of the bargaining unit. It includes provisions for grievances, disputes and arbitration. On November 5, 1962, employee Roy Owings was discharged by the appellee for dishonesty in falsifying his records as to work hours. Subsequently the appellant requested the submission of the matter of discharge of Roy Owings to arbitration in accordance with the provisions of the collective bargaining contract. An agreement was entered into whereby the parties designated George A. Gorder as the arbitrator. The matter was submitted and on February 15, 1963, the arbitrator entered his findings and award as follows:

"It is the finding of the arbitrator:

"1. That Roy Owings was guilty on the 26th day of October, 1962, November 2, 1962, and at other times, of conduct which justified discipline to him as an employee.

"2. It is the further finding that said discharge was an excessive penalty for said misconduct.

"3. It is the further finding that said Roy Owings is now entitled to be reinstated in his employment without pay from November 5, 1962.

"AWARD

"It is awarded that the said Roy Owings be reinstated to the job which he held on or before his discharge on November 5, 1962, or the equivalent thereof, subject to the ordinary rules of employment, without pay for time off since said discharge.

"Sioux City, Iowa, this 15th day of February, 1963.

"George A. Gorder,

"Arbitrator."

Appellee refused to abide by the conditions of the arbitrator's award. Appellant commenced this suit for enforcement. The District Court held that the arbitrator exceeded his authority and it denied enforcement of the award. This appeal followed.

The main, if not the sole question with which we are concerned is whether the arbitrator, after finding Roy Owings guilty of conduct which justified discipline, exceeded his authority in further holding that discharge was an excessive penalty for Owings' misconduct and that he should be reinstated in his employment but without pay from November 5, 1962, until February 15, 1963, the date of the award.

■ As arbitration is a matter of contract, the answer to the question must lie within the four corners of the agreement between the parties. John Wiley & Sons, Inc. v. Livingston, 84 S.Ct. 909. If the authority to make the foregoing award cannot be found or legitimately assumed from the terms of the arbitration agreement, then the arbitrator did exceed his authority in holding that discharge was an excessive penalty for Owings' misconduct and in directing that he be reinstated.

The collective bargaining agreement between the parties provided, inter alia:

"ARTICLE IV—MANAGEMENT, DISCIPLINE AND DISCHARGE

"Section 1. The management of the plant * * * including the right to hire, transfer, promote, discharge, discipline, or relieve employees from duty because of lack of work or other legitimate reasons, the determination of efficiency of employees, * * * is vested exclusively in the Company; provided, however, that such action by the Company does not conflict with the provisions of this Agreement. *The Union may question the determination of the Company with respect to the efficiency of employees and the quality and quantity of work to be performed on the basis of abuse of judgment in such determinations.*

*       *       *       *       *

"*Regular employees may be discharged for proper cause.* Drunkenness, the use of intoxicating liquors on the job, repeated tardiness,

gross insubordination, willful disobedience to any reasonable and proper instructions not in conflict with this Agreement, *dishonesty,* incompetence, excessive or unreasonable absenteeism, or violation of any of the provisions of this contract *shall be grounds for discharge,* but the enumeration of these grounds shall not preclude the Company from discharging, suspending, demoting or otherwise disciplining employees for other proper causes.

"Employees shall not be discharged for any of the aforementioned reasons except for drunkenness, the use of intoxicating liquors on the job or *dishonesty,* without having been given one written warning notice prior to the commission of the act giving rise to such discharge and a copy of such warning notice having been sent to the Union." (Emphasis supplied.)

"ARTICLE XII—GRIEVANCES, DISPUTES AND ARBITRATION

\*     \*     \*     \*     \*

"Section 5. Should any dispute arise between the Company and the Union with reference to the interpretation or application of the provisions of the contract which cannot be settled by conference between the parties, then such dispute shall, upon the request of either party, be submitted to a board of arbitration \* \* \*. Its award shall be written, shall be rendered within five days, and shall be binding upon the Company and the Union and upon the employees involved in the controversy."

Such grant of power to the arbitrator by Section 5, supra, is specifically limited by the next section as follows:

"Section 6. Such arbitration board shall have no power or authority to add to, subtract from or in any way modify the terms of this Agreement, but shall have authority only to interpret and apply the provisions of this contract which shall constitute the basis upon which the arbitration board's decision shall be rendered, and *if any grievance, arising out of any action taken by the Company in discharging,* suspending, disciplining, transferring, promoting, *or laying off any employee, is carried to arbitration, the arbitration board shall not substitute its judgment for that of the management and shall only reverse the action or decision of the management if it finds that the Company's complaint against the employee is not supported by the facts, and that the management has acted arbitrarily and in bad faith or in violation of the express terms of this Agreement."* (Emphasis supplied.)

■ The arbitration clause in the agreement between the parties is narrowly drawn. It appears to be the clear intendment of the agreement that in the event of the discharge of an employee by the employer the arbitrator is forbidden to substitute his judgment for that of the employer. He had the right, however, to reverse the employer's decision but only upon making specific findings; that is, that the charge was "not supported by the facts, and that the management has acted arbitrarily and in bad faith or in violation of the express terms of this Agreement." The employee here was dismissed by the employer for "dishonesty and falsifying his records as to work hours". The basis of the discharge was the only matter submitted to the arbitrator. Under the agreement, the arbitrator could either find that the employee had been guilty of conduct justifying discipline or that the company's complaint against the employee was not supported by the facts and that the employer had acted arbitrarily and in bad faith or in violation of the express terms of the agreement. Having found discipline justified, the arbitrator went further and concluded that discharge was an "excessive penalty for said misconduct" and directed reinstatement. In this he exceeded his authority. It was no

part of the arbitrator's duty to assess the penalty to be imposed for misconduct. In effect, the arbitrator found that the employer's "complaint against the employee is \* \* \* supported by the facts, and that the management \* \* \* [had not] acted arbitrarily and in bad faith or in violation of the express terms of this Agreement." In attempting to go further and in assessing the penalty as "excessive", the arbitrator was attempting to "substitute [his] judgment for that of the management", which is expressly prohibited by Section 6 of Article XII, supra. Both parties must be held bound by their unambiguous agreement.

Appellant relies strongly on United Steelworkers of America v. Enterprise Wheel & Car Corp., 1960, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424. We do not interpret that case as lending any validity to appellant's contentions here. True enough, in Enterprise the Supreme Court directed the enforcement of the award of an arbitrator but there the agreement was not clear. An ambiguity existed with respect to the enforceability of back pay beyond the date of the agreement's expiration. In resolving the ambiguity in favor of coverage within the agreement the Supreme Court said at page 596 of 363 U.S., at page 1360 of 80 S.Ct., 4 L.Ed.2d 1424:

> "The refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements. The federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards. As we stated in United Steelworkers of America v. Warrior & Gulf Navigation Co., ante [363 U.S.] p. 574 [80 S.Ct. 1347, 4 L.Ed. 2d 1409], decided this day, the arbitrators under these collective agreements are indispensable agencies in a continuous collective bargaining process. They sit to settle disputes at the plant level—disputes that require for their solution knowledge of the custom and practices of a particular factory or of a particular industry as reflected in particular agreements."

The appellee points to and quotes from the court's opinion at page 597 of 363 U.S., at page 1361 of 80 S.Ct., 4 L.Ed.2d 1424, as follows:

> "When an arbitrator is commissioned to interpret and apply the collective bargaining agreement, he is to bring his informed judgment to bear in order to reach a fair solution of a problem. This is especially true when it comes to formulating remedies. There the need is for flexibility in meeting a wide variety of situations."

Appellee overlooks the remainder of that paragraph of the Supreme Court's opinion which follows:

> "\* \* \* The draftsmen may never have thought of what specific remedy should be awarded to meet a particular contingency. Nevertheless, an arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet *his award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award.*" (Emphasis supplied.)

The court in the instant case was not attempting to review the *merits* of the arbitration award but seeking only to determine if the award exceeded the authority of the arbitrator, which, as pointed out, must be found within the terms or meaning of the agreement between the parties. On the same day that the Supreme Court decided Enterprise, it also decided United Steelworkers of America v. Warrior & Gulf Navigation Co., 1960, 363 U.S. 574, wherein it said at page

582, 80 S.Ct. 1347, at page 1353, 4 L.Ed. 2d 1409:

"The Congress, however, has by § 301 of the Labor Management Relations Act, assigned the courts the duty of determining whether the reluctant party has breached his promise to arbitrate. For *arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.* Yet, to be consistent with congressional policy in favor of settlement of disputes by the parties through the machinery of arbitration, *the judicial inquiry under § 301 must be strictly confined to the question whether the reluctant party did agree to arbitrate the grievance or did agree to give the arbitrator power to make the award he made.* An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." (Emphasis supplied.)

The judicial inquiry here by the District Court was limited to the determination of whether or not the parties had agreed to give the arbitrator power to make the award which he attempted to make. It very properly found that under the contract or agreement the arbitrator had not been given the authority and it correctly denied the request for enforcement. The opinion of Judge John Sanborn, speaking for this court in Kansas City Luggage & Novelty Workers Union, Local No. 66 v. Neevel Luggage Mfg. Co., 8 Cir., 1964, 325 F.2d 992, issued subsequent to the appeal of the instant case, would appear to be in point and dispositive of the main issue here.

Appellant makes a further claim of error on the part of the trial court in receiving, over objection, testimony as to the reason why Owings was discharged. Under the bargaining agreement between the parties, it was necessary to know the reason for the discharge before the court could determine whether the arbitrator exceeded his authority. We find no error.

Affirmed.