**LOCAL 2130, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL–CIO, by Irwin Becker, Trustee Ad Litem**

v.

**BALLY CASE & COOLER, INC.**

**Civ. A. No. 34683.**

United States District Court
E. D. Pennsylvania.
July 21, 1964.

Richard H. Markowitz, Wilderman, Markowitz & Kirschner, Philadelphia, Pa., for plaintiff.

Irving W. Coleman, Northampton, Pa., for defendant.

GRIM, District Judge.

This is a suit by a union under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185 to enforce an award of an arbitrator. The union has filed a motion for summary judgment in its favor and the company has filed a cross-motion for summary judgment to vacate the arbitrator's award.

In May of 1963, a dispute arose between the union and the company when three employees were discharged for alleged violations of company rules. The parties being unable to resolve the dispute by themselves agreed to submit it to arbitration. The written Arbitration Submission provided that the union and the company

"hereby agree to submit to final and binding arbitration * * * the question of whether * * * [the three employees] were discharged for just cause and whether there should be back pay. * * * Each of the aforesaid discharges is to be considered separately on its merits." (brackets added)

Treating each case separately the arbitrator determined that there was not just cause for discharge of any of the three employees involved, but he also determined that violations of company rules of varying degrees of seriousness had in fact occurred and for this reason full back pay should not be awarded to the employees. He awarded reinstatement of the first employee, and awarded her back pay for the full time of the loss of her employment less two weeks (ten working days) during which, in his opinion in accordance with the seriousness of her offense, a two-week suspension would have been justified. As to the second employee, he awarded reinstatement without any back pay. As to the third employee, he awarded reinstatement with back pay, but, considering the nature of the offense, there was to be a deduction of pay for four weeks (20 working days).

The company refused to comply with the award asserting that under the terms of the arbitration agreement the arbitrator was authorized only to determine if the company had just cause to discipline in any manner each of the three employees and if not whether back pay should be awarded to them or any of them. It further contended that the arbitrator's power ended after his determination as to whether or not there should be back pay and that he had no power to go beyond this and decide how much back pay, if any, should be awarded. The union, on the other hand, denied that the parties by the submission agreement limited the arbitrator to this all or nothing approach to the discipline and back pay problem, but on the contrary contended that the agreement gave to the

arbitrator the power to determine if a lesser penalty than discharge was warranted under the circumstances and to determine in that eventuality how much, if any, back pay should be awarded.

█ The question here is for the court to decide on the basis of the language of the arbitration contract entered into between the parties. John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 546, 547, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). However, in making this decision, ordinary common-law principles governing the construction of contracts do not provide the complete answer since the court must take into consideration the strong federal policy in favor of settling labor disputes by arbitration. John Wiley & Sons, Inc. v. Livingston, supra, at 550, 84 S.Ct., at 914–915; United Steelworkers of America v. Warrior & Gulf Nav. Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); United Steelworkers of America v. Reliance Universal, Inc. of Ohio, 335 F.2d 891 (3d Cir., 1964). See H. K. Porter Co., Inc. v. United Saw, File and Steel Products Workers of America, 333 F.2d 596 (3d Cir., 1964). Also, if there are doubts as to the powers of the arbitrator to decide questions involved in labor disputes, these "[d]oubts should be resolved in favor of coverage". United Steelworkers of America v. Warrior & Gulf Nav. Co., supra, at 583, 80 S.Ct., at 1353.

█ It is clear that the arbitrator was acting within his power when he decided that the discharges were without just cause. The precise question here is whether the power of the arbitrator, under the language of the submission agreement, covered a right to decide that suspensions of the employees were justified and to decide how much back pay should be awarded.

The submission agreement was intended to completely resolve the dispute that had arisen over the discharge of these three employees. It did not specifically deny to the arbitrator the power to consider whether there was just cause for suspension rather than discharge, nor did it deny him the power to consider how much back pay should be awarded if the discharges were found to be without just cause. In view of these facts, and in light of the strong federal policy in favor of settling labor disputes by arbitration and resolving possible doubt as to coverage of a particular issue under the arbitration agreement in favor of coverage, it cannot be said here that the award went beyond the scope of the submission agreement. The award will be enforced.