Jasper LEE, Plaintiff,

v.

**OLIN MATHIESON CHEMICAL CORPORATION, Defendant.**

**Civ. A. No. 66–C–32–R.**

United States District Court
W. D. Virginia,
Abingdon Division.
July 28, 1967.

John H. Thornton, Jr., Woods, Rogers, Muse, Walker & Thornton, Roanoke, Va., and Craig Caldwell, Caldwell & Johnson, Bristol, Tenn., for plaintiff.

G. R. C. Stuart, Penn, Stuart & Miller, Abingdon, Va., and James J. McHugh, New York City, for defendant Olin Mathieson Chemical Corp.

James P. Hart, Jr., Hart & Hart, Roanoke, Va., for District 50, United Mine Workers of America.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This suit was brought by employees of the defendant, Olin Mathieson Chemical Corporation, hereafter defendant Olin, under § 301(a) of the Labor Management Relations Act, 29 U.S.C.A. § 185(a) to enforce an arbitration award granted pursuant to a collective bargaining agreement between the defendant Olin, and the defendant, District Fifty (50) United Mine Workers of America, hereinafter defendant Union. The matter is before this court on defendant Olin's motion for a summary judgment and to dismiss for failure to state a claim on which relief can be granted. Since matters outside the pleadings are submitted in support of defendant Olin's position, the motion to dismiss will be treated by virtue of rule 12(b) of the Federal Rules of Civil Procedure as one for summary judgment under Federal Rule of Civil Procedure, Rule 56.

The record reveals the following facts:

On November 7, 1962, the defendant Olin and the defendant Union on behalf of Local Union Number 14901 entered into a collective bargaining agreement, hereafter called the Agreement, covering rates of pay, hours of work and other conditions of employment. Subsequently, the defendant Olin transferred the plaintiffs from production and maintenance bargaining unit positions covered by the

Agreement to non-bargaining guard unit positions not represented by the defendant Union. The defendant Olin had operated the guard unit for a number of years prior to the Agreement. All of the plaintiffs who were transferred had obtained varying degrees of seniority in the bargaining unit.

On May 31, 1963, the defendant Olin eliminated the guard unit and contracted its functions to a private firm. Then defendant Olin terminated the employment of the plaintiffs who had been assigned to the guard unit and would not accept them back into the bargaining unit where they had seniority. The defendant Olin claimed that Article V, § 18 of the Agreement gave it the sole right to decide who could return to the bargaining unit. As a result of the defendant Olin's actions the plaintiffs lost their positions in the guard unit, their former positions in the bargaining unit and their seniority rights. The defendant Union claimed that the plaintiffs whose positions in the non-bargaining guard unit were terminated had the right under the same Article V, § 18 to "bump" back into the bargaining unit because of their seniority therein. Thus, the plaintiffs would require their former positions and their seniority.

The defendant Olin and defendant Union attempted to settle the dispute under the grievance provisions of Article IX of the Agreement but were unsuccessful. They then resorted to the arbitration provisions of Article X to settle the matter. The requirement of a three-man arbitration board was waived. Two issues were submitted to the arbitrator:

1. "Does the company's (Olin's) refusal to permit terminated non-bargaining unit employees to return to the bargaining unit raise an arbitrable issue under the current labor agreement?"

2. "If so, does the Company's refusal to allow them to return to the bargaining unit constitute a violation of Article V, § 18?"

Applying Article X, § 1, the arbitrator orally decided the first question in the affirmative since the matter of the Company's refusal involved interpretation of the Agreement. The arbitration machinery of Article X was, therefore, properly invoked under the Agreement.

On April 14, 1964, the arbitrator issued the award answering the second question. It reads,

The Union is in error in charging the Company violated Art. V, Sec. 18 of the Agreement by not allowing the terminated non-bargaining unit employees to return to the bargaining unit because Art. V, Sec. 18 does not apply to the rights of such terminated employees. The Company likewise is in error in claiming that Art. V, Sec. 18 gives it the right to deny these employees the right to return to the bargaining unit when their services were terminated in the non-bargaining unit. Art. V, Sec. 18 does deal with this authority. The Company violated other provisions of the Agreement by destroying the employee's seniority rights in the bargaining unit. This ruling does not imply that the right to return to the bargaining unit constitutes a right to have a job restored; for the restoration of a job in the bargaining unit depends not only on the employee's meeting seniority requirements but also on his meeting all other qualifications specified in Art. V, Sec. 4.

Subsequently, a dispute arose between the defendant Olin and defendant Union as to the effect of the award. The defendant Olin claimed that the arbitration award was in its favor and would not take the plaintiffs back. The defendant Union felt that the award required the defendant Olin to return the plaintiffs to the bargaining unit with their seniority. The plaintiffs filed a claim of unfair labor practices with the National Labor Relations Board, but it was withdrawn before this suit. Both defendant Olin and defendant Union maintained their positions despite continued negotiations, and the plaintiffs brought this suit to enforce the award. The only other assistance provided the plaintiffs by the defendant Union after

the award (besides asserting its claims that the award was in the plaintiffs' favor) was in giving the plaintiffs $250.

The defendant Olin here seeks a motion for summary judgment contending:

1. that the plaintiffs do not have standing under § 301(a) of the Labor Management Relations Act, 29 U.S.C.A. § 185(a) to bring suit against the defendant Olin and defendant Union to enforce the arbitration award against both defendants;

2. and that that part of the arbitrator's award which went beyond the submission is unenforceable.

■ The court finds that under § 301 (a) of the Labor Management Relations Act, 29 U.S.C.A. § 185(a) plaintiffs do have standing to sue the defendant Olin and the defendant Union to enforce the arbitration award against each defendant. It is clear from Smith v. Evening News Ass'n, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962) that § 301 does not preclude all suits brought by employees in their own behalf. However, in *Smith* the Court failed to decide under what circumstances an employee had standing to sue under § 301(a), leaving the matter to be decided by each court as the question arises. Under the facts of this case the plaintiffs have standing to sue under § 301(a). Here the defendant Union failed to initiate any action to enforce the award after the defendant Olin claimed the award was in its favor. The defendant Union provided only token aid in the form of a $250 contribution to the plaintiffs. The plaintiffs' only other available remedy, therefore, was to sue in their own behalf. To deny the plaintiffs' standing to enforce the award under these circumstances where the defendant Union by inaction has failed to act on the award would render the award in such cases useless. Moreover, we find that there are no provisions in the collective bargaining agreement that would bar individual employee suits to enforce the award.

■ It is also clear from Textile Workers Union of America v. Cone Mills Corp., 268 F.2d 920 (4th Cir. 1959), that suits to enforce arbitration awards under collective bargaining agreements may be brought in the District Court under § 301. In the *Textile Workers* case the Court of Appeals for the Fourth Circuit held § 301 gave the Federal District Court jurisdiction to entertain a suit to enforce an arbitration award brought by a union against an employer under a collective bargaining agreement. The court said:

> The purpose of Congress to give effect to employer-union contracts and to afford full relief for breaches of those contracts would be frustrated if the courts should decree specific performance to agreements to arbitrate but deny enforcement to arbitration awards which the parties have agreed in advance to accept. In both cases the right of action is based in the last resort on breach of contract between the parties (Williston on Contracts, Vol. 6, Sec. 1927) so that jurisdiction comes within the literal terms of the statute * * *. If arbitration can be specifically enforced, the court should have power to afford complete relief by enforcing the award, 268 F.2d at 925.

In the light of the Supreme Court's ruling in *Smith* and the Fourth Circuit's holding in the *Textile Workers* case, we find no bar to plaintiffs' suit in this court.

As to the matter of the arbitrator's exercise of authority, the court must look to the collective bargaining agreement involved. Article X, § 3, of the Agreement expressly limits the arbitrator's jurisdiction as follows:

> The arbitrators' jurisdiction to make an award *shall be limited by the submission* and confined to the interpretation or application of the provisions of this Agreement. The arbitrators shall not have jurisdiction to make an award which has the effect of amending, altering, enlarging, or ignoring the provisions of the Agreement. * * * (Emphasis added)

As previously stated, the arbitrator had to settle only two issues submitted to him. He first had to decide if there was an arbitrable issue involved. He then had to settle the question: "Does the Company's refusal to allow them (plaintiffs) to return to the bargaining unit constitute a violation of Article V, § 18?" He orally decided the matter of arbitrability and answered the latter question in the award when he said that the defendant union was in error in charging that the defendant Olin violated Article V, § 18 since that provision did not apply to the rights of terminated nonbargaining unit employees as the plaintiffs are in this case. He, however, also ruled that other provisions of the Agreement were violated and that the employees' re-entry into the bargaining unit depended on other provisions.

■ Whenever an arbitrator's authority to make a particular award is questioned, the court must look to the collective bargaining agreement and the submission to determine his authority since they are the source and limit of his authority. Textile Workers Union of America, AFL-CIO, Local Union No. 1386 v. American Thread Co., 291 F.2d 894 (4th Cir. 1961); Truck Drivers, etc., Union, Local 784 v. Ulry-Talbert Co., 330 F.2d 562 (8th Cir. 1964). In the *Textile Workers* case the court said:

It is impossible to overemphasize the terms and conditions of the submission which was the product of agreement between the parties and which was both the source and limit of the arbitrator's authority and power. The submission was clearly made subject to the 'terms of the contract and within the limits of those terms, including the restrictions on the power of the arbitrator.' 291 F.2d at 898.

■ It is settled that if the arbitrator exceeds the scope of his authority, the award is unenforceable. United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); Textile Workers Union of America, AFL-CIO, Local Union No. 1386 v. American Thread Co.,

291 F.2d 894 (4th Cir. 1961). In *Enterprise Wheel* the Supreme Court said,

Nevertheless, an arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award. 363 U.S. at 597, 80 S.Ct. at 1361.

■ It is clear under the facts of this case that the arbitrator exceeded his authority. His jurisdiction ended when he decided the question whether the defendant Olin's actions constituted a violation of Article V, § 18. By making the additional finding in the award that the defendant Olin violated other provisions of the Agreement and that the plaintiffs' re-entry into the bargaining unit depended on other provisions of the Agreement he clearly went beyond the submission contrary to the Agreement. This he cannot do.

In this case we have not questioned the arbitrator's construction of the Agreement nor have we reviewed the merits of his award. The court has only determined that the arbitrator went beyond the submission.

We, therefore, hold that the arbitrator's award is unenforceable to the extent that the arbitrator exceeded his authority. Once he decided that Article V, § 18 was inapplicable to the dispute, his jurisdiction ended. Consequently, there is no enforceable award left on which the plaintiffs can base their claim in this court.

As above stated, this court is not passing upon the merits of plaintiffs' claims. It would seem that plaintiffs' claims should be fully and justly considered by the proper labor tribunal, and the dismissal here is founded on the simple proposition that we cannot en·

force an arbitrator's award made beyond the authority of the arbitrator.

Therefore, it is adjudged and ordered that defendant Olin's motion for summary judgment be granted and each party shall bear his or its own costs.

The Clerk is directed to send a copy of this opinion and judgment to counsel of record.