**LUDWIG HONOLD MFG. CO.**

v.

**Harold A. FLETCHER and United Automobile Workers, Local 416.**

**No. 40758.**

United States District Court
E. D. Pennsylvania.

Sept. 18, 1967.

See also D.C., 260 F.Supp. 917.

Robert F. Jackson, Media, Pa., for plaintiff.

Richard J. Hobin, Philadelphia, Pa., for defendants.

## OPINION

TROUTMAN, District Judge.

This case had its origin in the Court of Common Pleas of Delaware County with the filing of a rule to show cause by the plaintiff why an arbitrator's award should not be set aside and vacated. At the same time, preliminary objections were filed by the defendants, alleging jurisdiction in this Court and failure to join an indispensable party.

Thereafter, the matter was removed to this Court on petition of the defendants and a motion to remand refused by Judge John P. Fullam on October 14, 1966. Defendants' preliminary objections are, in

part, disposed of automatically by transfer to this Court. Defendants' counsel has indicated no desire to pursue the balance of his preliminary objections.

As to the rule to show cause filed by the plaintiff the issue there presented is squarely before this Court by reason of transfer pursuant to petition under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C.A., Section 185.

Both parties have filed motions for summary judgment.

The facts are briefly as follows: On or about October 25, 1948, Harold A. Fletcher, defendant, was employed by the plaintiff. On November 1, 1963, his employment became subject to the terms of a collective bargaining agreement between the plaintiff and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW AFL–CIO) and its Local 416. Article XIX of said agreement provided, inter alia, as follows:

"Whenever Company determines that a permanent vacancy occurs, or a new job is created, notice of such jobs shall be posted in the plant for a period of forty-eight (48) working hours. Employees with the greatest seniority shall be assigned to fill such jobs provided such employees have the skill and ability to perform the job involved in a satisfactory manner.

\*　　\*　　\*　　\*　　\*　　\*

"Employees who have applied for such new jobs and have been assigned to fill such jobs will not be eligible to apply for any other posted job for a period of six months (6) from the date of his transfer into such posted job, or by mutual agreement between Company and Union.

\*　　\*　　\*　　\*　　\*　　\*

"When an opening occurs in a higher labor grade and there is no employee with a prior right to such job, such opening will be ˙filled on the basis of skill and ability as the determining factors, with seniority being given full consideration and prevailing when skill and ability are equal. Se-

lection of available qualified employees for openings that occur will be in the following sequence:

"From within the next lower job classification within the non-interchangeable group."

On or about September 29, 1965, plaintiff posted, for application by eligible employees, the job of Sheet Metal Specialist A and on the same day, Fletcher was assigned to and accepted said job. On September 30, 1965, one James McGill, a new employee, was hired by the plaintiff as a Sheet Metal Specialist A. On November 16, 1965, plaintiff posted, for application by eligible employees, the job of Sheet Metal Leader. Sometime prior to November 22, 1965, both Fletcher and McGill bid for this "new" job and on November 22, 1965, the job was awarded by the plaintiff-employer to McGill. Although not pertinent, it is noted that said job was discontinued on February 11, 1966.

Thereafter, defendant, Fletcher, entered a grievance against the plaintiff pursuant to the Grievance Procedure provided in the agreement, alleging that he was wrongfully refused the "new" job of Sheet Metal Leader and seeking the wage differential between the job in which he was employed and that of Sheet Metal Leader. The procedures provided in the contract were followed and in due course the arbitrator, on May 23, 1966, entered the following order:

"The grievant, Harold A. Fletcher, be compensated the difference in pay between his rate as a Sheet Metal Specialist A and the rate he would have received as a Sheet Metal Leader from November 22, 1965, to February 11, 1966."

The plaintiff-employer, in asking for summary judgment, relies upon that portion of Article XIX of the contract, above quoted, which provides that "employees who have applied for such new jobs and have been assigned to fill such jobs will not be eligible to apply for any other posted job for a period of six months from the date of his transfer into such posted job \* \* \*". The defendants,

on the contrary, rely heavily upon the case of United Steelworkers of America v. Enterprise Wheel and Car Corporation, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960), contending that this Court has no right to interfere with the arbitrator's award and that same is final, binding and conclusive.

We are aware of the principles enunciated by the Court in the Enterprise case, supra, where the Court, at page 596, 80 S.Ct. at page 1360, said, inter alia, as follows:

"The refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements. The federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards. * * *"

However, the Court there continues, at page 597, 80 S.Ct. at page 1361, with the following language:

" * * * Nevertheless, an arbitrator is confined to *interpretation and application of the collective bargaining agreement;* he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award." (Emphasis supplied.)

■■■ Mere ambiguity in the award or inferences which may be drawn therefrom afford no basis for refusing to enforce the award. Moreover, arbitrators have no obligation to give the reasons for their award. (see page 597 of said opinion.)

In the case of Truck Drivers & Helpers Union Local 784 v. Ulry-Talbert Company, 330 F.2d 562 (8th Cir. 1964), the Court said, inter alia, as follows at page 563 of the opinion:

"As arbitration is a matter of contract, the answer to the question must

lie *within the four corners of the agreement between the parties.* John Wiley & Sons, Inc. v. Livingston [376 U.S. 543], 84 S.Ct. 909, [11 L.Ed.2d 898]. If the authority to make the foregoing award cannot be found or legitimately assumed *from the terms of the arbitration agreement,* then the arbitrator did exceed his authority * * *". (Emphasis supplied.)

There, as here, the defendant relied strongly upon the Enterprise case, supra, with respect to which the court said as follows at page 565 of its opinion:

"Appellant relies strongly on United Steelworkers of America v. Enterprise Wheel & Car Corp., 1960, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424. We do not interpret that case as lending any validity to appellant's contentions here. True enough, in Enterprise the Supreme Court directed the enforcement of the award of an arbitrator *but there the agreement was not clear. An ambiguity existed with respect to the enforceability of back pay* beyond the date of the agreement's expiration. * * *" (Emphasis supplied)

In the case of Local 2130, International Brotherhood of Electrical Workers, AFL–CIO, v. Bally Case & Cooler, Inc., 232 F.Supp. 394 (E.D.Pa.1964), the Court said, inter alia, as follows at page 396:

"The question here is for the court to decide on the basis of the language of the arbitration contract entered into between the parties. John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 546, 547, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). However, in making this decision, ordinary common-law principles governing the construction of contracts do not provide the complete answer since the court must take into consideration the strong federal policy in favor of settling labor disputes by arbitration. * * * Also, if there are doubts as to the powers of the arbitrator to decide questions involved in labor disputes, these '[d]oubts

should be resolved in favor of coverage'. * * * "

In oral argument and in briefs submitted, it was suggested that both Fletcher and McGill were ineligible by reason of that portion of Article XIX of the contract, above quoted, prohibiting *transfer* to a newly posted job within a period of six months. We are concerned, under the arbitrator's award, only with Fletcher's eligibility and whether he is accordingly entitled to be compensated for the wage differential in question.

■ Article XIX of the contract clearly provides for the posting of jobs and for the assignment thereto of qualified employees. In unequivocal and unambiguous language, it provides that *"employees* who have applied for such new jobs and have been assigned to fill such jobs *will not be eligible* to apply for any other posted job for a period of six months (6) from the date of his *transfer* into such posted job * * * ". (Emphasis supplied.)

It is admitted that Fletcher, with whom we are here concerned, applied for and received such a new and posted job on September 29, 1965. On November 16, 1965, the instant job was posted, clearly within a period of less than six months from September 29, 1965. The language of Article XIX clearly rendered him ineligible. Within less than six months he had already been the subject of *transfer* from one job to another.

Being ineligible by the express terms of the agreement, it would appear that the company had every right to refuse him the second transfer within the six-month period in question.

That provision of Article XIX of the contract referring to job openings where "there is no employee with a prior right to such job" appears to be inapplicable. There is nothing in the record to indicate the proper application of such language. If, as suggested in oral argument, neither Fletcher nor McGill were eligible, by reason of the provisions of Article XIX, that fact alone may be sufficient to place this matter exclusively within the rights of management, as provided by Article XXIII, thus affording additional justification for the company's action.

■ The arbitrator's award, which is before us, sheds no light upon the reasons for his decision. It is sufficient that his award appears to be in clear violation of the express language of the contract. He may not rewrite the express language of the contract.

Although the reasons for the arbitrator's award are not necessarily matters for consideration by this Court, it is interesting to note that a copy of the arbitrator's opinion was, subsequent to oral argument, submitted to the Court and therein the arbitrator suggests only the following: "As between the two employees there is no question that Fletcher was the more deserving" This alone cannot afford the basis for a valid award. We are concerned with the express language of the agreement, Fletcher's obvious ineligibility, and the arbitrator's award in violation of the express language of the agreement.

■ Additionally, the arbitrator, in his opinion, suggests that the actions and past conduct of both Labor and Management may suggest an interpretation of the agreement. This is true. However, the opinion contains no reference whatever to past actions or past conduct on the part of either plaintiff or defendants and none have been called to our attention which would justify a modification of the express provisions of the agreement. As was stated in the case of H. K. Porter Company, Inc. v. United Saw, File and Steel Products Workers of America, Federal Labor Union No. 22254, AFL–CIO, 333 F.2d 596 (3rd Cir. 1964) at page 602, "We find that * * * the Arbitrator had no ground upon which to base his interpretation of the clear and unambiguous words of the eligibility clause. Standing by itself, it gave him no room to construe it in any manner than according to its plain meaning. Bereft of any practice evidencing a relaxation of the requirement * * * the Arbitrator was unjustified in deviating from the plain mandate of the eligibility

clause * * * ". See also Torrington Company v. Metal Product Workers Union Local 1645, et al., 362 F.2d 677 (2nd Cir. 1966).

Accordingly, the plaintiff's motion for summary judgment will be granted and the defendants' cross-motion for summary judgment will be refused.

## ORDER

And now, this 18th day of September, 1967, for the reasons set forth in the foregoing opinion, the arbitrator's award is vacated and set aside and judgment is entered for the plaintiff. Defendants' motion for summary judgment is denied.