BALDWIN–MONTROSE CHEMICAL
COMPANY, Inc., Appellant,

v.

INTERNATIONAL UNION, UNITED
RUBBER, CORK, LINOLEUM AND
PLASTIC WORKERS OF AMERICA,
AFL–CIO, Appellee.

No. 17547.

United States Court of Appeals
Sixth Circuit.

Sept. 22, 1967.

Leslie W. Fleming, Detroit, Mich., for appellant, Butzel, Eaman, Long, Gust & Kennedy, Detroit, Mich., of counsel.

Theodore Sachs, Detroit, Mich., for appellee, Rothe, Marston, Mazey, Sachs & O'Connell, Detroit, Mich., on the brief.

Before WEICK, Chief Judge, PECK, Circuit Judge, and CECIL, Senior Circuit Judge.

JOHN W. PECK, Circuit Judge.

The general question presented in this case involves an award made by an arbitrator appointed and acting under the terms of a collective bargaining agreement. The parties hereto, hereinafter usually referred to as the "Company" and the "Union" respectively, entered into such an agreement July 1, 1963. A provision of that contract established the conditions for eligibility and the amount of compensation to be paid to Company employees for vacation benefits. The critical Article thereof provided, "to be eligible for vacation pay, an employee must be an employee of the Company on June 1, 1964, and must have actually worked for thirty (30) pay periods between the dates of June 1, 1963, and June 1, 1964." The Company advised the Union on November 4, 1963, that it intended to terminate its operation at its Pontiac,

Michigan, plant effective December 1st, and such termination followed. All employees had been laid off by February 14, 1964, and none were employed on June 1, 1964. In the weeks following November 4th some employees worked long enough to accumulate thirty pay periods within the dates specified in the agreement; other employees did not.

When the Union made a claim for vacation pay under the contract, it was refused by the Company on the ground that no one for whom pay was claimed was "an employee of the Company on June 1, 1964," and that some of them had not worked the required thirty pay periods. The issues thus created (plus two not here involved) were the subject of arbitration, and the arbitrator found both categories of employees (i. e., those who had worked thirty pay periods, and those who had not) to be entitled to compensation. The Company does not contest the arbitrator's authority to make the portion of the award relating to the employees with thirty weeks' accumulation but refused to comply with the award to employees without such an accumulation. As a result, the Union instituted an action in the District Court for specific performance of the arbitrator's award and the Company filed a complaint seeking vacation of the portion of the award in disagreement. The two actions were consolidated, and crossed motions for summary judgment resulted in such judgment being entered for the Union. The Company perfected this appeal from that judgment.

The provision of the collective bargaining agreement under which the arbitration was conducted contained this provision: "The impartial arbitrator shall have no power to add to, subtract from, or modify any provision of this agreement. * * * Pointing out that the Union makes no claim of ambiguity, the Company vigorously contends that after finding that "the parties treated thirty weeks worked as a condition of eligibility" for the vacation pay in question the arbitrator proceeded to go beyond the provisions of the agreement, in violation of its specific terms and of the injunction against dispensing "his own brand of industrial justice" proclaimed by the Supreme Court. United Steelworkers of America v. Enterprise Wheel and Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L. Ed.2d 1424 (1960). In response to this contention, in his oral opinion from the bench District Judge Talbot Smith stated, "[W]e have the problem here of whether or not the arbitrator's award did in fact add to or subtract from or modify the terms of the contract. And I can't find that it did. I think all that he has done here is to interpret the contract." It was on the basis of this determination and his conclusion that the District Court was without jurisdiction to review the merits of the award that Judge Smith entered summary judgment on behalf of the Union.

This court had a similar question before it in Kroger Company v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local No. 661, 380 F.2d 728, decided June 17, 1967. That case presented an initial issue not here present, namely what question was presented to the arbitrator for disposition? Writing for the court, Judge Phillips stated:

"The * * * question proposed by Kroger was both sweeping and indefinite. Kroger now complains about the breadth of an award based on an issue whose terminology was proposed by its own representative. *We construe this language to be reasonably susceptible of a construction that threw open for consideration and determination by the arbitrator the entire contract and all issues arising under it with respect to [the named union member].*" (Emphasis supplied.)

As soon as this conclusion was reached, the issue in *Kroger* became identical with the one presented in this case in which the question was framed in unequivocal language. That issue is whether a district court may judicially review the merits of an award made by an arbitrator in response to a question of contract interpretation submitted to him.

In *Kroger* this court reversed an order entering summary judgment in favor of the employer, holding that the arbitrator's award of back pay and reinstatement of participation in a profit sharing plan was proper. Therein Judge Phillips stated, "Only when the words of the arbitrator 'manifest an infidelity to this obligation' should courts refuse to enforce the award. United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593 at 597, 80 S.Ct. 1358, 4 L.Ed.2d 1424." Certainly it cannot here be said that the words of the arbitrator manifest such an infidelity to the essence of the collective bargaining agreement, which is the obligation referred to. On the contrary, in this instance of uncontemplated cessation of plant operation the arbitrator had the clear right and duty to scrutinize the collective bargaining agreement for evidence of an intention to submit the particular kind of dispute in issue to arbitration. In this case, where as in *Kroger* "the entire contract and its interpretation and application were presented to the arbitrator, we cannot say that his award is not to be found within the four corners of that contract. John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898; Truck Drivers and Helpers Union Local 784 v. Ulry-Talbert Co., 330 F.2d 562 (C.A.8)." (Kroger Co. v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America Local No. 661, supra, 380 F.2d 728, at 732.

In his findings of fact the arbitrator stated that, "There was no suggestion [during the collective bargaining agreement negotiations] that the Company intended or anticipated ceasing operations during the life of the contract. No contract modifications were premised on a contract term shutdown and no change was proposed or made in vacation eligibility language." Later in his opinion the arbitrator accurately stated, "Arbitrators and courts have long recognized that vacation pay is a fringe benefit paid in lieu of a direct wage increase and in that sense constitutes deferred wages." We are in accord with Judge Smith's conclusion that, "[I]f I were going to rule on [the arbitrator's interpretation of the contract], which I am not, I would say he has done it reasonably."

The Union contends that the Company's acquiescence in submitting the question in issue to the arbitrator estops it from challenging his authority to dispose of it, but the result here reached makes consideration of that argument unnecessary. The formula prescribed by the arbitrator's award for the determination of back pay is not here at issue, but it has been reviewed and is found to be not unreasonable.

Affirmed.