**LYNCHBURG FOUNDRY COMPANY, DIVISION OF WOODWARD IRON COMPANY, Plaintiff,**

v.

**UNITED STEELWORKERS OF AMERICA, LOCAL 2556, Defendant.**

Civ. A. No. 67-C-45-L.

United States District Court
W. D. Virginia,
Lynchburg Division.

May 23, 1968.

Richard P. McLaughlin, E. Riley Casey, Counihan, Casey & Loomis, Washington, D. C., for plaintiff.

Wm. E. Mitch, Cooper, Mitch & Crawford, Birmingham, Ala., and James P. Hart, Hart & Hart, Roanoke, Va., for defendant.

### OPINION and JUDGMENT

DALTON, Chief Judge.

This is an action by the Lynchburg Foundry Company, pursuant to § 301 of the Labor Management Relation's Act, 29 U.S.C.A. § 185, against the United Steelworkers of America, Local 2556, to vacate an arbitration award on the ground that the arbitrator exceeded his authority in making the award. The defendant has cross-complained seeking enforcement of the award and both parties have filed a motion for summary judgment.

The record reveals the following facts: On May 1, 1967, plaintiff and defendant

entered a collective bargaining agreement governing wages, hours and other conditions of employment. Subsequently, one of plaintiff's employees, hereinafter grievant, was accused of "wilfully and intentionally falsifying" certain records required to be kept as part of his job and was discharged by plaintiff on July 24, 1967. The defendant contended the grievant was unjustly dealt with and processed his discharge through the grievance machinery and ultimately submitted the matter to an arbitrator.

■ The arbitrator held a hearing and on November 23, 1967, entered his findings and award. The award states: "The Grievant is to be restored to his position as Iron Reader, without loss of seniority, but without any back pay from the date of discharge to the date of this award." The plaintiff refused to comply with the award because it felt the arbitrator had exceeded his authority and on December 18, 1967, commenced this action to vacate the award. The question in this case is whether the arbitrator, after finding that the grievant's misconduct did "not support the disciplinary sanction of discharge" and that he was to be restored to his position, exceeded his authority in further holding that his reinstatement was to be "without any back pay". If he did, the award must be set aside. United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); Textile Workers Union of America AFL–CIO, Local Union No. 1386 v. American Thread Co., 291 F.2d 894 (4th Cir. 1961); Lee v. Olin Mathieson Chem. Corp., 271 F.Supp. 635 (W.D.Va. 1967).

■ In determining the scope of the arbitrator's authority our search is limited to the four corners of the collective bargaining agreement which delimits his authority. Lee, supra; Truck Drivers and Helpers Union Local 784 v. Ulry-Talbert Co., 330 F.2d 562 (8th Cir. 1964). "If the authority to make the foregoing award cannot be found or legitimately assumed from the terms of the arbitration agreement, then the arbitrator did exceed his authority. * * *" Ulry-Talbert, supra at 563.

The terms of the agreement provide in pertinent part as follows:

Article X. "The Arbitrator shall promptly hear the matter and shall * * * render his decision, which decision shall be final and binding upon the parties to this agreement. Any matter of arbitration shall be confined to the meaning and application of the provisions of this Agreement. * * *

Article XII. In the event an employee shall be discharged from his employment on and after the date hereof, and he believes that he has been unjustly dealt with, such discharge shall constitute a grievance to be dealt with under the method specified in this agreement.

In the event it should be decided under the rules of this agreement that an injustice has been dealt the discharged employee, the Company shall reinstate such employee to his former position and pay full compensation for time lost."

Viewing these provisions and the arbitration award, we think that the arbitrator exceeded his authority. The sole issue presented to the arbitrator was "[w]hether the Company was justified in discharging the Grievant". In answer to this question the arbitrator found that "upon weighing the Grievant's misconduct in the total context of the record of this case, that it does not support the disciplinary sanction of discharge which the Company invoked against him." We interpret this finding to mean that "an injustice [had] been dealt the discharged employee."[1] Once the arbitrator

---

1. The arbitrator further found "that the record supports a charge that the Grievant engaged in culpable conduct and that some disciplinary sanction against him is warranted." The plaintiff interpreted this and the other findings to mean that no injustice had been dealt the grievant. However, we feel that the arbitrator exceeded his authority regardless of the interpretation placed on his findings.

determined this, his authority terminated. He had no authority to alter the relief provisions of Article XII.[2] The clear intendment of Article XII is that in discharge cases before an arbitrator the grievant must either remain discharged if found justly dealt with or be reinstated "to his former position" with "full compensation for time lost" if found unjustly dealt with. There is no authority under Article XII for the arbitrator to reinstate the grievant without any back pay. He does not have the power to substitute milder punishment merely because he found mitigating circumstances. Cf. Local 217, International Union of Electric Radio & Machine Workers v. Holtzer-Cabot Corp., 277 F.Supp. 704 (D.Mass. 1967). By so doing he exceeded his authority and dispensed his own brand of industrial justice. Cf. *Ulry-Talbert,* supra; *American Thread,* supra; *Lee,* supra.

"[A]n arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award." *Enterprise Wheel,* supra, 363 U.S. at 597, 80 S.Ct. at 1361.

It is, therefore, adjudged and ordered that the arbitrator's award be vacated and that summary judgment be entered for plaintiff.

The defendant's cross-claim is dismissed. Each party shall bear its own costs, and this case is stricken from the docket.

The clerk is directed to send a copy of this opinion and judgment to counsel of record.

---

2. The arbitrator said: "The Arbitrator finds, however, that there are mitigating circumstances in the record which compel it to set aside the discipline of discharge, and prescribe another penalty, despite the finding that the Grievant was guilty of misconduct."