**In the Matter of Harvey L. JACKSON, Debtor,**
**International Harvester Company, Appellant.**

**No. 17338.**

United States Court of Appeals, Seventh Circuit.

March 26, 1970.

Hubbard B. Neighbour, of Bozeman, Neighbour, Patton & Noe, Moline, Ill., for appellant.

Frank J. Galvin, Kenneth M. Collinson, of Potter, Gillman, Galvin & Collinson, Rock Island, Ill., for debtor.

Before DUFFY and CASTLE, Senior Circuit Judges, and KERNER, Circuit Judge.

DUFFY, Senior Circuit Judge.

On March 13, 1967, Harvey L. Jackson (debtor) filed a petition for relief under Chapter XIII of the Bankruptcy Act. The Referee in Bankruptcy ordered Jackson to pay a trustee $216 per month from wages. The debtor failed to make regular payments. At the request of the Trustee, the Referee entered another order requiring Jackson's employer, International Harvester (International) to deduct $30 per week from debtor's wages and to pay such amount to the Trustee.

International complied with the order, but thereafter notified the debtor that his employment would be suspended and eventually terminated unless the wage deduction order was released. The Company took this action pursuant to the terms of Section 6 of Article XXIII of the collective bargaining agreement between International and its employees. Relevant portions of that section are: "When a wage assignment or garnishment notice or demand against the wages of an employe is received by the Company, the employe will be allowed seven calendar days * * * to present the Company with (1) a release from all obligations under the law incurred by reason of receipt of such notice or demand. * * * To fail to present such release * * * within the sixty (60) day period will result in the employe's termination. * * *"

On February 12, 1968, the debtor filed a petition with the Referee to enjoin International from suspending or terminating his employment, and on that date the Referee temporarily enjoined International from so doing. International moved to dissolve the injunction. After a hearing, the Referee entered an order permanently enjoining International from terminating debtor's employment "because of the wage deduction order entered in these proceedings on January 24, 1968."

International filed a petition for review and the District Court entered an order sustaining, in all respects, the order of the Referee. This appeal followed.

The court order prohibits International from exercising a contract right granted to the employer under the provisions of a collective bargaining agreement authorized by the Labor Management Relations Act (29 U.S.C. § 151 et seq.).

The issue here is, assuming that a court of bankruptcy has the power, may it properly be exercised to prohibit the employer from exercising a contract right granted to the employer under the provisions of a collective bargaining agreement?

International had approximately ninety thousand employees covered by the contract in question, in twelve manufacturing operations and nine depot transfer operations located throughout the United States.

The clause in question was first bargained for and obtained in the 1955 agreement, and an identical clause was bargained for and obtained in four successive agreements, to-wit: 1959, 1961, 1964 and the 1968 agreement which is currently in force.

Prior to 1955, International was virtually inundated with wage assignments, garnishments, tax levies and wage demands of all kinds. Some of the defendant's plants required full-time staffs solely to process such wage demands. The problem became exceedingly burdensome to the Company.

The Farmall Works of International Harvester Company located in Rock Island, Illinois, had 3658 employees including the debtor on May 23, 1968. Since 1942, it had been the policy of the Company to cooperate with the elected officers of the Farmall Employees Credit Union to permit payroll deductions for credit union purposes. The Credit Union is not owned by or in any way conducted by International. At the time of the hearing herein, the Credit Union advised that 1866 employees were currently having payroll deductions for the repayment of debts.

Any discharge or suspension of the debtor in this case was subject to challenge by him under the terms of the collective bargaining agreement, and all disciplinary action would be subject to Article 6, the grievance procedure, and Article 7, the provision for final and binding arbitration.

■ International does not question the right of the Referee in Bankruptcy to enter an order compelling it to withhold debtor's wages and to pay them to the Trustee, but section 658 of the Bankruptcy Act (11 U.S.C. § 1058) does not authorize an injunctive order. The concluding sentence thereof indicates "An order directed to such employer may be enforced in the manner provided for the enforcement of judgments." This provision certainly is no justification for the claim that an injunction may be entered against the employer requiring it to keep such employee on the payroll.

The debtor does not cite any authority approving the issuance of an extraordinary injunction such as is here in issue. We believe that no such authority exists.

Nowhere in the Act is there any authority to a court to continue a debtor's employment against his employer's will.

The right of a company to discharge an employee involves an ascertainment of the relative rights of the company and of the employee under the collective bargaining agreement. Any questions relating thereto are susceptible to review by the employee under the grievance procedure established by the contract.

In Haynes v. United States Pipe & Foundry Company, 362 F.2d 414 (5 Cir., 1966), the plaintiff claimed he had been wrongfully discharged. The collective bargaining agreement contained a grievance procedure. The plaintiff pursued the grievance procedure through his Union. His claim was denied. He then brought suit against his employer. The District Court dismissed the plaintiff's suit holding that as the collective bargaining agreement provided for the set-tlement of such a controversy, this excluded the courts as a forum for the settlement of such issue. The Court of Appeals affirmed, citing authorities for the rule that when a dispute arises within the scope of a collective bargaining agreement, the parties are relegated to the remedies which are provided in such agreement.

■ The employee here was not without remedy. The Referee could have entered an order requiring Jackson to endorse his pay checks and turn them over to the Trustee. This is known as a "turn-over" order. Such an order would have preserved to Jackson the benefits of Chapter XIII and would have done so without interfering with the Company's contract rights. This alternative demonstrates that the entry of the order for an injunction was not necessary for the enforcement of the Bankruptcy Act as is required by 11 U.S.C. § 11(a) (15). See United States v. Krakover, 377 F.2d 104 (10 Cir., 1967).

■ The right which International seeks to enforce is not against the public policy of the United States. Section 1 of the Labor Management Relations Act (29 U.S.C. § 151) provides: "It is declared to be the policy of the United States to * * * [encourage] the practice and procedure of collective bargaining * * * for the purpose of negotiating the terms and conditions of * * * employment. * * *"

The law imposed the express duty on International to bargain collectively with Jackson's chosen representative with respect to "* * * conditions of * * * employment. * * *" The Union and the Company have agreed, as a condition of employment, that wage demands must be released under the penalty of suspension or discharge.

In United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960), the Supreme Court strongly emphasized that collective bargaining agreements should be construed and enforced by labor arbitrators and not by

the Courts. The Supreme Court said, 363 U.S. at page 599, 80 S.Ct. at page 1362 "As we there emphasized, the question of interpretation of the collective bargaining agreement is a question for the arbitrator. It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his." See Republic Steel Corp. v. Maddox, 379 U.S. 650, 652–653, 85 S.Ct. 614, 13 L.Ed.2d 580 (1964).

This case is clearly one which involves application and interpretation of the collective bargaining agreement. It involves a dispute arising under a labor contract.

As the main issue in this case involves an ascertainment of the relative rights of the company and the employee under the collective bargaining agreement, we believe that the Referee and the District Court were not authorized nor empowered to order the continued employment of Harvey L. Jackson.

The judgment of the District Court is reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.