John NUEST, Plaintiff,

v.

WESTINGHOUSE AIR BRAKE COMPA-
NY, a foreign corporation, Travelers In-
surance Companies, Inc., a foreign cor-
poration, Lodge 158, International Broth-
erhood of Boilermakers, Iron Ship
Builders, Blacksmiths Forgers and Help-
ers, a labor organization, and Interna-
tional Brotherhood of Boilermakers,
Iron Ship Builders, Blacksmiths, Forg-
ers and Helpers, a labor organization,
Defendants.

Civ. No. P–3121.

United States District Court,
S. D. Illinois, N. D.

June 19, 1970.

James G. Hatcher, Peoria, Ill., for plaintiff.

Lyle W. Allen, Peoria, Ill., for Travelers Ins. Co.

Timothy W. Swain, II and Mishael O. Gard, Peoria, Ill., for Westinghouse Air Brake Co.

Harold Gruenberg and J. F. Souders, St. Louis, Mo. for Intl. Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths Forgers & Helpers.

## OPINION AND ORDER

ROBERT D. MORGAN, District Judge.

The amended complaint herein, in a single count, seeks damages against all defendants, jointly and severally, on account of alleged breaches of successive collective bargaining agreements by defendant Westinghouse Air Brake Company (herein WABCO), plaintiff's former employer, on account of alleged failure of defendant unions (herein Lodge 158 and International, respectively, or the unions) to fairly represent him as his collective bargaining representative, and because Travelers Insurance Companies, Inc. (herein Travelers) is apparently underwriter of certain insurance benefits provided in the collective bargaining agreements.

The amended complaint was tendered for filing and served on defendants after hearing on the motions decided hereby. Motion for leave to file same was not immediately granted, but the defendants have all addressed themselves to it by renewed and supplemental motions and memoranda of authorities. It simply adds specifications of alleged wrongs, leaves out the former allegation that plaintiff is "totally, permanently, completely and wholly disabled," and alleges that Travelers is a necessary party under Rule 19, F.R. Civ.P. Consequently, this court, on June 15, 1970, did enter an *ex parte* order permitting it to be filed. The court herein treats all matters of substance in any of the motions attacking the complaint as applicable to the amended complaint; and that document should hereafter be considered by all concerned as if it had been filed by plaintiff in the first instance.

Travelers moves for dismissal as to it essentially because there are no allegations of fact indicating any liability on its part to the plaintiff; and that motion must be allowed as it was originally at the hearing on April 9, 1970. What-

ever potential liability Travelers might have as underwriter of any of WABCO's collective bargaining obligations would clearly depend on matters not before the court or necessary for litigation in this action.

Local 158 and WABCO have filed motions to dismiss or in the alternative for summary judgment, and International has moved to dismiss.[1] These motions have been renewed and supplemented as indicated above. Several affidavits in support of and in opposition to said motions have been filed and supported by copies of pertinent documents which are sworn to be true and correct. The sworn material before the court produces a file at this stage in the proceeding approaching three inches in thickness, and includes, without factual dispute, the two successive and applicable collective bargaining agreements, the texts of two decisions and awards by distinguished labor contract arbitrators of grievances handled by the unions on behalf of plaintiff, the constitution of defendant International, the WABCO Insurance Program and Pension Plan, and a Social Security examiner's decision, dated May 1, 1969, to continue disability benefits to plaintiff which began August 31, 1966. The court also has before it a "Summary of Employment, Disability and Grievance History. of John Nuest with Westinghouse Air Brake Company and Predecessor Company" from 1942 to September 25, 1969, when his release from employment was sustained by arbitrator M. S. Ryder (and including information that a workmen's compensation proceeding begun by plaintiff on December 9, 1969, to reopen an award against WABCO, was continued on March 10, 1970), sworn to be true and correct by W. W. Kimmel, Vice President of WABCO (Construction Equipment Division), which is largely uncontroverted by plaintiff, except possibly in regard to WABCO conclusions therein or sought to be inferred or implied therefrom. In addi-

tion, there is a volume of miscellaneous correspondence between plaintiff and his union officials, grievance and workmen's compensation documentation, etc. Because of this material which has been presented and not excluded by the court, it seems apparent that under Rule 12(b), F.R. Civ.P., this court must dispose of the pending motions as provided in Rule 56, F.R. Civ.P. To that end the parties were given an opportunity to present any additional pertinent material within 10 days after the hearing. All material filed has had the careful consideration of the court, and the complexities are immense.

Jurisdiction is claimed under Section 301 of the National Labor Relations Act, 29 U.S.C. § 185, the suit being for violations of a collective bargaining agreement and on account of alleged diversity of citizenship under 28 U.S.C. § 1332 (a). Complete diversity does not exist to sustain jurisdiction under 28 U.S.C. § 1332(a), but jurisdiction under 29 U.S.C. § 185(a), if otherwise proper, may be founded here "without respect to the amount in controversy or without regard to the citizenship of the parties."

What appears to this court to be the principal substance of the uncontroverted facts before the court follow in lettered paragraphs.

(a) Plaintiff had been an employee of WABCO and its predecessor corporation and a member in good standing of Lodge 158 and International since January 11, 1942. During the year 1964, plaintiff was instrumental in organizing a wildcat strike, which fact was unknown to WABCO until admitted in the complaint herein. This strike arose out of an alleged failure of Lodge 158 to adequately represent its employees to WABCO, and resulted in the resignation of certain officers of Lodge 158.

(b) Plaintiff was injured on April 19, 1965, in his employment, requiring an operation to his back, and returned

---

1. Plaintiff's motions for continuance and for temporary injunction were denied at the time of hearing and his motions to produce are subject to local rule of court No. 11, with which there is no showing of compliance.

to employment on April 29, 1966 for part of a day, but because of back trouble left again and continued to have trouble, involving much medical consultation and two more operations, for over two years, during which there was a discharge from employment, which was reduced by grievance settlement to a 30-day suspension for absenteeism. Plaintiff returned to full employment with WABCO on August 2, 1968, and continued in such employment until November 14, 1968, when WABCO terminated his employment because of his then disability to safely perform work which it had for him.

(c) At all times material hereto, WABCO, Lodge 158 and International were parties to a collective bargaining agreement, the latest of which was dated September 28, 1967, which succeeded a previous agreement entered into on September 2, 1964. These agreements provided for the terms and conditions of employment of employees within the bargaining unit and both agreements provided for similar employee grievance procedures, but it should be noted that only the union, not the employee himself, could invoke the higher stages of the grievance machinery which included arbitration.

(d) Plaintiff was paid a total of one year's "sick leave" by the company, under the union contract, between April, 1965 and January 18, 1967, on account of his injury of April 19, 1965.

(e) Plaintiff refused assigned work for which the WABCO medical director released him in February, 1968, which WABCO interpreted as self-severance. Local 158 carried a grievance over this separation through arbitration, resulting in reinstatement without compensation for time lost, because, as the arbitrator said, "he was the moving party in creating the condition" which prevented return to employment, and directing reemployment without seniority loss provided he accept temporarily a job the medical director decided he could perform.

(f) Plaintiff filed a charge of unfair labor practice against WABCO before the National Labor Relations Board on March 6, 1968, charging discharge for union activity, but shortly withdrew it.

(g) An arbitrator of the Illinois Industrial Commission, in workmen's compensation proceedings filed by plaintiff, found two separate injuries due to accidents on April 19, 1965 and April 29, 1966, respectively.

(h) Plaintiff was finally released from employment by WABCO on November 14, 1968, because of his physical condition, and this termination was sustained by a grievance arbitrator in a proceeding carried forward on plaintiff's behalf by Lodge 158 with the help of International.

The gravamen of the amended complaint against WABCO is that it breached the successive collective bargaining agreements in a number of specified ways, causing substantial financial loss to plaintiff and against Lodge 158 and International in that they allegedly have failed and refused to fairly represent the plaintiff in specified wilful and intentional instances and ways, including collusion with WABCO to injure plaintiff and deny him his contract rights.

 This court is of the belief that the opinion of the Supreme Court of the United States in Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967) is directory here. While distinguishable in actual holdings in several respects, if one is so inclined, the opinion of Mr. Justice White there, speaking for a majority of the Court, reviews the federal labor law thoroughly in this type of case, deals with the pre-emption doctrine relied upon by defendants here and its practical limits and exceptions, the problem of fair union representation generally, and, in general, charts a course for district courts in this type of case. In *Vaca* the Supreme Court recognized the validity of such joinder of employer and union defendants as exists here when the Court stated (386 U.S. at 187, 87 S.Ct. at 915) that:

" * * * it is obvious that the courts will be compelled to pass upon wheth-

er there has been a breach of the duty of fair representation in the context of many § 301 breach-of-contract actions."

Also in *Vaca* the Supreme Court made it clear that whether such a breach of duty on the part of the union or breach of contract on the part of the employer is also an unfair labor practice is inconsequential. The Court stated (386 U.S. at 183–184, 87 S.Ct. at 913) that:

" * * * courts have jurisdiction over suits to enforce collective bargaining agreements even though the conduct of the employer which is challenged as a breach of contract is also arguably an unfair labor practice within the jurisdiction of the NLRB. *Garmon* and like cases have no application to § 301 suits."

*Vaca* seems to make it clear, and it is held here, that this court's jurisdiction is not pre-empted by that of the National Labor Relations Board.

■■ It is also urged on behalf of defendants that relief is precluded by plaintiff's alleged failure to exhaust his remedies under the collective bargaining agreements. This court is not unmindful of the United Steelworkers of America Trilogy, 363 U.S. 564, etc., 80 S.Ct. 1343, etc., 4 L.Ed.2d 1403, etc., (1960), or that in Republic Steel Corporation v. Maddox, 379 U.S. 650 (1965), the Supreme Court held that federal labor policy requires an employee to at least *attempt* use of such grievance procedures before seeking other modes of redress. There are vital interests to be served on behalf of employers, unions, and employees the unions represent in seeing matters peaceably resolved at the quickest and easiest level possible, and it is manifest that Congress has deemed the most expeditious road to industrial peace to be through self-imposed solutions by labor and management. Again in *Vaca*, however, the Supreme Court recognized that because the contract procedures are devised and often controlled by the employer and the union, they may well prove unsatisfactory, as far as justice for an individual grievant

is concerned. The *Vaca* opinion notes that one such situation arises when "the union has sole power under the contract to invoke the higher stages of the grievance procedure, *and* if, as is alleged here, the employee-plaintiff has been prevented from exhausting his contractual remedies by the union's *wrongful* refusal to process the grievance." (386 U.S. at 185, 87 S.Ct. at 914.) See also Slagley v. Illinois Central Railroad Company, 397 F.2d 546, 550 (7th Cir. 1968). As the Supreme Court stated in *Vaca*, 386 U.S. at page 190, 87 S.Ct. at page 916, the "wrongful refusal" must constitute a breach of the statutory duty of fair representation which "occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith."

■ As in *Vaca*, the plaintiff here has alleged a wrongful refusal to adequately process his grievances for pay for lost time prior to the 1968 reinstatement by arbitrator Luskin, for his alleged second injury and the possible sick pay related thereto, and for other insurance benefits; and, under the agreements involved here, the union had the sole power to invoke the higher stages of the grievance machinery. Also, the record is replete with *attempts* to have the higher stages of the grievance procedure initiated, and this satisfied the requirements of *Maddox, supra*. Therefore, this court is satisfied that the complaint does state a valid cause of action without requiring further exhaustion of contract remedies. The inappositeness of Stumo v. United Air Lines, Inc., 382 F.2d 780 (7th Cir. 1967), to this case is apparent. There was no "voluntary act" on the part of this plaintiff which in any way "thwarted the jurisdiction" of the procedures he sought to invoke.

The final ground, common to all the defendants, urged for dismissal, is that the allegations of the complaint constitute a collateral attack on arbitrator's decisions, which is impermissible in view of the provisions for review provided in

9 U.S.C. § 12, and 10 Ill.Rev.Stat. § 112 (1969).

██ This court does observe that both of the collective bargaining agreements under consideration here provide that an arbitrator's award shall be final and binding on all parties, and the court is conscious that the federal policy of settling labor disputes by arbitration would be undermined if the courts reviewed the merits of an award. United Steelworkers of America v. Enterprise Wheel & Car Corporation, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). However, an arbitrator's award is binding only on the issues submitted to him and decided by him within the scope of the powers enumerated in the agreement. If the arbitrator exceeds his authority under the contract, the decision is void and unenforceable to the extent such power is exceeded. See *United ed Steelworkers, supra,* at 597, 80 S.Ct. 1358; Truck Drivers & Helpers Union Local 784 v. Ulry-Talbert Company, 330 F.2d 562 (8th Cir. 1964).

██ From the allegations of the complaint material to the union's position, it is patently clear that they do not involve the testing of the merits of the arbitrator's decisions; rather, they involve the adequacy of the bargaining representative in representing the plaintiff. Clearly, therefore the allegations do not constitute a collateral attack. By matching the allegations of the complaint material to WABCO with the decisions rendered by the two arbitrators, it also becomes patently clear that, with the exception of the claim for back pay in the Luskin arbitration, the claims involved have never been subjects of arbitration, and the plaintiff alleges that arbitrator Luskin exceeded his authority in determining that there should be no back pay. Therefore, the allegations do not constitute a collateral attack; and the statutory provisions cited, under these circumstances, have no application here. This ground presented by all defendants, therefore, is no bar to maintaining this suit.

██ Lodge 158 and International urge two additional grounds for dismissal. The first is that the allegations of the complaint concerning conspiracy or collusion do not plead specific and detailed facts as required by Rule 9(b), F.R. Civ.P. This ground is without substantial merit. Not only must this rule be considered in light of the whole spirit of modern federal "notice" pleading, but also the gravamen of the complaint, as shown by the documents and exhibits before the court, is the charge of denial of fair representation, not simply the alleged collusion as such. It appears that the "conspiracy" allegation was included to indicate motive or bad faith. The second ground, plaintiff's failure to exhaust his internal union remedies under the International Union Constitution, is also without merit. The plaintiff did attempt to use this channel by charging his Business Manager of Lodge 158 with violating his duties in connection with the representation given the plaintiff in his grievance for an additional year of disability benefit. Plaintiff also appealed a ruling by an International representative that plaintiff was ineligible to hold a Lodge 158 office in 1969 and had several exchanges of correspondence with International officers which got him nowhere. He alleges that further pursuit in this area would be futile. The considerations discussed hereinabove concerning the exhaustion of remedies under the collective bargaining agreements and the disposition thereof seem equally applicable to the exhaustion of inter-union remedies. Therefore, this ground cannot sustain either motion.

██ This court may grant summary judgment only if it is clearly apparent that no genuine issue of material fact exists as to which reasonable minds could differ, Practical Construction Company v. Granite City Housing Authority, 416 F.2d 540, 544 (7th Cir. 1969), and that the movant is entitled to judgment as a matter of law. Rule 56, F.R. Civ.P.

As stated hereinabove, essential to plaintiff's cause of action against the unions is the proof of conduct which is "arbitrary, discriminatory, or in bad faith." *Vaca, supra*, 386 U.S. at 190, 87 S.Ct. at 916. There are conflicting affidavits on this issue. These conflicting affidavits, together with the other documents and exhibits, present a material issue of fact on which the record is presently devoid of certainty. Such an issue precludes the granting of summary judgment and trial must be had thereon, at least if the basic § 301 action against WABCO survives.

Each of the grounds raised by WABCo for dismissal of the complaint or for summary judgment has been disposed of hereinabove. The allegations of the complaint charging WABCO with breaches of the collective bargaining agreements, however, raise other issues of possible lack of jurisdiction over the subject matter, of which this court must take cognizance under Rule 12(h), F.R. Civ.P.

The threshold issue is whether this court has any jurisdiction to determine the merits of the allegations of the complaint involving interpretation or application of the terms of the collective bargaining agreements. If the allegations seek only the enforcement of clear terms of such agreements, devoid of any questions of interpretation or application, then the court may properly reach the merits of the claims. Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903 (1967). Contradistinctively, if the claims involve the interpretation or application of such an agreement, this court's jurisdiction is strictly confined to the determination of whether or not the dispute is "arbitrable." United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 569, 80 S.Ct. 1343 (1960). Under the latter circumstances, judicial inquiry reaches only to the issue of whether the claim is governed by the substantive provisions of the agreement. If the claim is so governed, the authority of the court ends since collective bargaining agreements should be construed and applied by labor arbitrators and not by the courts. In re Jackson 424 F.2d 1220 (7th Cir. March 26, 1970), and cases there cited.

It is patently clear that perhaps the major parts of plaintiff's claims against WABCO involve an ascertainment of the relative rights of the company and the employee under the collective bargaining agreement and, therefore, are outside of the scope of this court's jurisdiction. Such parts of plaintiff's claim are for disability insurance, disability pension, and sundry sickness and accident health benefits for himself and his dependents allegedly due and owing, under the 1967 collective bargaining agreement and the benefit plans incorporated therein by reference, in connection with his final termination on November 14, 1968. The validity of plaintiff's actual termination itself was the subject of a union handled grievance which ultimately went to arbitration with a binding decision that the plaintiff was validly discharged, but the issues of the applicability of the benefit plans were not submitted to the arbitrator and he properly abstained from considering them.

The issue of whether or not these claimed benefits are due the plaintiff under the substantive provisions of the agreement, and, if so to what degree, clearly involves the interpretation of the 1967 agreement and the benefits incorporated therein. These claims, therefore, are ones properly for an arbitrator to decide and this court has no jurisdiction to reach their merits. It was the arbitrator's judgment and all that it connotes that was bargained for, not the court's. United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 568, 80 S.Ct. 1343 (1960). The Supreme Court in Vaca v. Sipes, 386 U.S. 171, 196, 87 S.Ct. 903 (1967), clearly stated that an order compelling arbitration is an available remedy and this court is fully satisfied that such a remedy is both necessary and proper for the claims discussed above.

**1236**

Plaintiff's claim for some five months' "back pay" under the Luskin award raises the second jurisdictional issue of whether this court may consider the merits of an arbitrator's award. Plaintiff was terminated on February 18, 1968, and a grievance thereon was ultimately arbitrated with a decision that the plaintiff had been unjustifiably discharged and that he should be returned to employment with full seniority rights "but without any back pay." WABCO seeks summary judgment on the ground that the 1967 agreement provides that the arbitrator's decision is final and binding. Unless this award manifests a clear infidelity to the arbitrator's obligation of drawing the essence of the award from the collective bargaining agreement, this court must refuse to substitute its judgment on the merits for that of the arbitrator. Such an infidelity occurs, however, where the arbitrator clearly exceeds the authority expressed in the agreement or deviates from the unambiguous provisions contained therein. When this occurs, the facet of the decision which exceeds the authority is void and unenforceable. See United Steelworkers of America v. Enterprise Wheel & Car Corporation, 363 U.S. 593, 80 S.Ct. 1358 (1960); Truck Drivers & Helpers Union Local 784 v. Ulry-Talbert Company, 330 F.2d 562 (8th Cir. 1964).

Article VII of the 1967 collective bargaining agreement provides in pertinent part that:

"The arbitrator * * * shall be without power to add to, subtract from, or modify terms of this Agreement."

Section 2(c) of the same article provides in part that:

"If an employee is found by this procedure to have been unjustifiably discharged, he shall be reinstated and compensated for time lost."

The awards by the arbitrator that the plaintiff was unjustifiably discharged and must be restored to employment "but without back pay" are patently inconsistent, under the clear terms of that agreement quoted above. In the latter determination, the arbitrator clearly deviated from the unambiguous terms of Section 2(c) of the agreement and went beyond the scope of his powers as limited by the agreement. The parties accepted the reinstatement award, and the latter determination constitutes an infidelity to the arbitrator's obligations on the face of his award. Accordingly, that part of the award is void and unenforceable and the question of back pay, and the amount thereof, if any, remains open. Since this is simply a matter of proof of circumstances and computation, if any, not interpretation of the agreement, this court believes it does have jurisdiction to supplement and enforce the award and this point furnishes no basis for allowance of the WABCO motion. It is recognized that if plaintiff can make no showing of readiness and ability to work during the period involved, he may be entitled to no pay for this period, and that may have been what arbitrator Luskin concluded, but there is no showing that the problem was considered in this light. He appears to have denied back pay as punishment for initial recalcitrance by plaintiff, and this was beyond his power under the agreement.

The final issue involves the claim against WABCO for an additional year of disability benefit due for an alleged second and separate injury sustained on April 29, 1966. The documents and exhibits before the court show that the grievance of this claim under the 1964 collective bargaining agreement was settled at the fourth step of the grievance procedure by agreement between WABCO and the unions short of arbitration. The claim was denied because clear proof was lacking that such injury was new and not a continuation of the prior injury. Provision was made for reopening the grievance if the plaintiff could produce convincing evidence of a new injury at a later date. Some new evidence was submitted at a later date, and an Industrial Commission Arbitrator in

workmen's compensation proceedings did find two separate injuries, but both Lodge 158 and WABCO refused to pursue the grievance further or take it to arbitration. WABCO maintains that, under these circumstances, it was not required to pursue the grievance further and that this claim should be dismissed for failure to state a claim upon which relief can be granted against it.

 *Vaca* and prior cases make it clear that the individual employee does not have an absolute right to have his grievance taken to arbitration and that the settlement process is essential to preserve the union's authority as well as systematic negotiation and disposition of grievances. As stated in *Vaca, supra*, 386 U.S. at 192, 87 S.Ct. at 917–918, a contrary disposition "would greatly increase the cost of the grievance machinery and could so overburden the arbitration process as to prevent it from functioning successfully." The union's statutory duty of fair representation protects the individual employee from arbitrary abuses of the settlement procedures and, therefore, if an abuse occurred, the proper mode of redress is in the context of allegations of lack of fair representation. Such allegations have been sustained for trial hereinabove and whatever abuse may have occurred can be remedied thereby against the unions. The allegations against WABCO alone, as stated, could not be said to state a claim upon which relief could be granted against it because what it did had union approval. However, in this action against WABCO and the unions, the allegations of conspiracy and collusion make a judgment against all three, jointly and severally, a possibility on proof of any such joint intentional wrong to the plaintiff. See *Vaca* 386 U.S. at p. 193, 87 S.Ct. 903. Accordingly, this ground of the WABCO motion does not justify dismissal of this charge against it.

It should go without saying, of course, that the court does not imply hereby any decision on the merit or lack of merit with respect to any of plaintiff's claims.

The court decides simply that there are several disputed issues of material fact which preclude summary judgment.

Accordingly, the court hereby enters the following:

## ORDER

1. The court accepts jurisdiction of the parties and the subject matter of the action.

2. Travelers motion to dismiss filed March 9, 1970, as supplemented April 21, 1970, is allowed.

3. All other motions to dismiss or in the alternative for summary judgment, as supplemented, are denied.

4. WABCO, Lodge 158 and International are directed to submit to arbitration under the terms of their collective bargaining agreement, with appropriate participation by plaintiff, any claims by plaintiff for entitlement to separation, insurance, disability, pension, or other benefits under said agreement in relation to final termination of his employment on November 14, 1968, not including any back pay which may be due on account of prior reinstatement or any additional year of sick pay on account of alleged second injury, and to promptly file in this court, captioned for this case, a copy of the opinion and award of the arbitrator when received.

5. Proceedings in this action shall be and are hereby stayed pending such arbitration, provided, however, that if final award is not filed herein within ninety (90) days from the date of this order, the parties hereto shall jointly, or separately, file written report on status with this court.

6. The apparent issues of possible back pay under the Luskin award and possible failure of fair representation of plaintiff by Lodge 158 or the International, or both, including possible collusion or conspiracy with WABCO, are reserved for litigation in this action, and said defendants shall file their respective answers to the amended complaint herein within twenty (20) days after receipt of the arbitrator's award

mentioned in paragraph 4 above, noting therein the allegations of said amended complaint which need not be answered because disposed of by such award.