John LUCAS

v.

WARNER & SWASEY COMPANY.

Civ. A. No. 79–1089.

United States District Court,
E. D. Pennsylvania.

Sept. 4, 1979.

Lawrence D. Levin, Norristown, Pa., for plaintiff.

Robert W. Lees, and Jeffrey L. Pettit, Philadelphia, Pa., for defendant.

## MEMORANDUM

BECHTLE, District Judge.

Presently before the Court is the motion of defendant Warner & Swasey Company ("Warner") to dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6), on the ground that plaintiff John Lucas ("Lucas")

has failed to exhaust internal remedies in respect to his claim arising under an employee benefit plan.[1] Lucas, a former employee of Warner, alleges that he was illegally denied disability retirement pension benefits under the Wiedemann Hourly Paid Union Employees Retirement Plan" (as amended and restated as of January 1, 1976), established pursuant to a collective bargaining agreement between Local 155 of the United Electrical, Radio and Machine Workers of America ("Local 155") and Warner. Jurisdiction is based upon Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132.

As defined in the collective bargaining agreement, established internal remedies mandate an initial determination of employee disability by the Pension Committee, based on medical evidence which is subject to review, if a written appeal is filed within six months with the Administrative Committee. The plaintiff did present an initial application for total disability to the Pension Committee on May 23, 1977; and on June 22, 1977, he was denied relief by the Pension Committee without delineating that the reason for the denial was due to any lack of medical disability. As a result, the plaintiff on September 27, 1977, again applied to the Pension Committee for disability benefits. On November 2, 1977, the Pension Committee responded that a decision would be made upon the taking of a physical examination of the plaintiff by a physician paid for by Warner. Finally, on March 6, 1978, plaintiff's counsel responded in a letter to the Manager of Industrial Relations of Warner indicating that, because he had not received a response to his requests for a list of "independent physicians" to conduct the examination of Lucas, he assumed that an examination was no longer required and stated, ". . . consider this letter as a request for an appeal to that body specified in the Collective Bargaining Agreement and notify me of the date of the hearing." See Exhibit C, Plaintiff's Memorandum of Law Contra Defendant's Consolidated Motion Under Fed.R.Civ. Pro. 12(g). Lucas claims that the Pension Committee's denial of his disability claims was arbitrary, capricious and wanton.

In the case at bar, the independent power of review by a fiduciary, as required by ERISA, 29 U.S.C. § 1133,[2] has been delegated to the Administrative Committee. Exacting procedures have been established by the parties to the agreement in order to assure an opportunity for review of the Pension Committee's denial of claims. Article VI, section 6.3 of the collective bargaining agreement provides as follows:

6.3 *Review Procedure.* Within six months after the mailing of such a notice of denial, the claimant can appeal such denial by filing with the Company his written request for a review of his said claim. If such an appeal is so filed within such six-month period a Person appointed by the Company, which Person shall be designated a Named Fiduciary, shall promptly conduct a full and fair review of such claim and mail to the claimant a written decision on the matter based on the facts and the pertinent provisions of the Plan. Such decision shall be written in a manner calculated to be understood by the claimant and shall state the specific reasons for the decision. During such full review the claimant shall be given the opportunity to review documents that

---

1. Defendant has consolidated its 12(b)(7), 12(f) and 12(b)(6) motions in accordance with Fed.R. Civ.P. 12(g). As a result of the Court's present disposition of the 12(b)(6) motion, a decision on the 12(b)(7) and 12(f) motions is not necessary.

2. Section 1133 of ERISA provides:

    In accordance with regulations of the Secretary, every employee benefit plan shall—

    (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and

    (2) *afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.*
(Emphasis added.)

are pertinent to his claim and to submit issues and comments in writing and, if he requests a hearing, to present his case in person or by an authorized representative at a hearing scheduled by the Company.

Furthermore, greater detail of exactly what procedures are required for review of the Administrative Committee have been set forth in an employee handbook, which states:

> An appeal procedure has been established to protect your rights to benefits under the plan.
>
> If your initial claim or application for benefits is denied by the Division Pension Committee, you will receive written notice describing the specific documented reasons for the denial. You will also receive any material or information necessary to perfect the claim, along with an explanation of why the information is needed.
>
> If you think you are entitled to receive a benefit from the plan which has been denied by the Division Pension Committee, you have the right to appeal if you do so within six months after receiving written notice of the denial.
>
> You must file your appeal in writing with the Pension Administrative Committee, c/o The Warner & Swasey Company, 11000 Cedar Avenue, Cleveland, Ohio 44106.
>
> You will be given the opportunity to review any documents pertinent to your claim and will be entitled to a hearing, if you request one, to present your claim in person.
>
> Within a reasonable period of time you will receive a written decision on the matter with a detailed explanation of the decision.

■ The LMRA, *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 652–653, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965), and ERISA, *Taylor v. Bakery & Confectionary Union and Industrial International Welfare Fund,* 455 F.Supp. 816, 820 (E.D.N.C.1978); *Fox v. Merrill Lynch & Co., Inc.,* 453 F.Supp. 561, 565–566 (S.D.N.Y.1978), *distinguishing Lewis v. Merrill Lynch, Pierce, Fenner &*

*Smith, Inc.,* 431 F.Supp. 271 (E.D.Pa.1977); *Hammil v. Hoover Ball & Bearing Co.,* 85 L.R.R.M. 2231, 2233 (E.D.Pa.1973), both require an attempt to exhaust exclusive internal remedies established by contract to settle disputes before resorting to direct legal redress in the federal courts.

Lucas has responded to the issue of the failure to exhaust internal remedies by stating that, due to Warner's failure to proceed with the requested medical examination, the defendant has in effect waived any provisions of the collective bargaining agreement requiring review of the Pension Committee's determination.

■ There are court-created exceptions to the general exhaustion requirement. As this Court held in *Hummel v. Brennan,* 469 F.Supp. 1180, 1185–1186 (E.D.Pa.1979), involving the exhaustion of internal remedies under the Labor Management Reporting and Disclosure Act ("LMRDA"), judicial exceptions to the general rule requiring exhaustion of remedies include the following: (1) a showing of irreparable harm which is either job related or will affect the exercise of employee rights under the LMRDA, *Semancik v. United Mine Workers of America,* 466 F.2d 144, 150 (3d Cir. 1972); or, (2) a showing that it would be futile to require the plaintiff to internally exhaust remedies. *Goclowski v. Penn. Cent. Transp. Co.,* 571 F.2d 747, 758 (3d Cir. 1977); *McGovern v. International Bro. of Teamsters,* 447 F.Supp. 368, 372 (E.D.Pa.1978). One further exception is that the plaintiff has been or will be "wrongfully denied meaningful access" to internal procedures. This exception arises where, first, one party has the sole power to invoke the higher levels of the review procedure and has not allowed another party access. Second, the other party must have made *attempts* to have the higher levels of review initiated. *Nuest v. Westinghouse Air Brake Co.,* 313 F.Supp. 1228, 1233 (S.D.Ill.1970). See also *Taylor v. Bakery & Confectionary Union and Industrial International Welfare Fund, supra,* 455 F.Supp. at 820.

Both parties are equally blameworthy for Lucas' failure to exhaust internal remedies. Plaintiff's letter of March 6, 1977, did not conform with the established internal review procedures for filing written appeals, because it was incorrectly sent to the Manager of Industrial Relations of Warner located in Pennsylvania and not to the separate and distinct Ohio-based Administrative Committee which is delegated to act as the independent fiduciary. Warner is equally at fault due to its failure to comport with established procedures, as provided under Article VI, section 6.2[3] of the collective bargaining agreement. Warner neglected to set forth in its letter of June 22, 1977, or in its letter of November 2, 1977, to Lucas exactly what review procedures were available to Lucas and how they should be followed. Furthermore, Warner was surely aware that Lucas had improperly filed his written appeal and yet made no attempt to either forward the letter of appeal to the Administrative Committee or inform Lucas of his mistake.

■ Nonetheless, the issue here is not who was at fault throughout this whole misunderstanding but whether Lucas' failure to exhaust internal remedies can be excused under any one of the court-created exceptions. This is not a case of futility to require exhaustion, since no evidence on the record alleges that ground and none is shown; nor is this a situation where irreparable harm will result if Lucas cannot immediately bring his action in federal court. *See Hummel v. Brennan, supra,* 469 F.Supp. at 1186. Finally, Lucas has not been denied meaningful access to higher-level review procedures. First, the Administrative Committee, as an independent fiduciary whose creation is required by congressional mandate, has the sole power to afford an aggrieved party review without intervention from Warner. There is no showing that the Administrative Committee will disallow review here if an appeal is properly filed. Second, Lucas' attempt at initiating review was procedurally inaccurate, and cursory at best. The Court finds nothing to indicate that Lucas either lacked knowledge of, or failed to understand the applicability or availability of, internal remedies which were clearly set forth in the collective bargaining agreement and in the supplemental employee handbook distributed to all employees by Warner. Furthermore, Lucas' persistent and extensive resort to other administrative remedies, including the Workmen's Compensation Board and the Social Security Administration, clearly demonstrates his ability to understand and avail himself of the appropriate administrative remedies and the importance of pursuing them.

■ Lucas' contention that Warner has waived the exhaustion of internal review requirement is unsupported and misses the mark. Warner cannot waive the exhaustion requirement. Only Congress, by statute, or a federal court, by examining the facts of each case and finding an exception to the rule, can waive the exhaustion requirement. This Court can find no viable exception on the record to justify dispensing with the exhaustion of internal remedies requirement. Therefore, the Court is compelled to adhere to the proscribed concerns and dictates of Congress and the courts requiring initial exhaustion of internal remedies before an action can be brought in the federal courts under the LMRA or ERISA. Warner's motion to dismiss Lucas' complaint, pursuant to Fed.R. Civ.P. 12(b)(6), will be granted without prejudice.

---

**3.** Article VI, section 6.2 of the collective bargaining agreement states:

6.2 *Notification by Company.* Unless such claim is allowed in total by the Company it shall (within a reasonable period of time after such claim was filed) cause written notice to be mailed to the claimant of the total or partial denial of such claim. Such notice shall be written in a manner calculated to be understood by the claimant and shall include (1) the specific reasons for the denial of the claim, (2) specific reference to the provisions of the Plan upon which the denial of the claim was based, (3) a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary, and (4) an explanation of the review procedure specified in Section 6.3.