49 Haw. 53 (1966)
411 P.2d 134
IN THE MATTER OF THE ARBITRATION BETWEEN LOCAL UNION 1260 INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO AND THE HAWAIIAN TELEPHONE COMPANY.
No. 4480.
Supreme Court of Hawaii.
February 1, 1966.
CASSIDY, ACTING C.J., WIRTZ AND MIZUHA, JJ., AND CIRCUIT JUDGE OKINO ASSIGNED BY REASON OF VACANCY AND CIRCUIT JUDGE KING IN PLACE OF LEWIS, J., DISQUALIFIED.
L.H. Silberman (Moore, Silberman & Schulze with him on the briefs) for petitioner-appellant.
A.T. Shim (Shim & Naito with him on the brief) for respondent-appellee.
OPINION OF THE COURT BY MIZUHA, J.
The appellant company, Hawaiian Telephone, appeals from a judgment denying its motion to vacate an arbitrator's award, and granting of cross-motion of appellee union, Local 1260, International Brotherhood of Electrical Workers, AFL-CIO, for summary judgment to have the award enforced.
Article 7A.1 of the labor agreement between the company and the union provides that upon notice by the union, "a grievance concerning the application or interpretation of the express terms and conditions of this Agreement" not settled through grievance procedure shall *54 be submitted to arbitration by an arbitrator selected in a specified manner. Article 7A.2 provides in part: "All decisions of the arbitrator shall be limited expressly to the terms and provisions of this Agreement and in no event may the terms of the Agreement be altered, amended, or modified by the arbitrator. All decisions of the arbitrator shall be final and binding upon the parties hereto, shall be in writing and signed by the arbitrator, and a copy thereof shall be submitted to each of the parties hereto. * * *"
The question submitted for arbitration was whether the employee was discharged for proper cause based on Article 6.1 and 6.2[1] of the labor agreement. The company argued that there was sufficient cause for discharge whereas the union contended that there was insufficient cause for discharge, and at most under the circumstances, proper cause for suspension. As we read the decision, the arbitrator found that the employee was guilty of pilferage and decided that the employee should be suspended.
The company contends that the arbitrator's decision does not "draw its essence" from the collective bargaining agreement, because (1) the decision is based on "his own personal feelings of propriety and not from an interpretation of the contract"; (2) he "reached his decision by imposing an impossible burden of proof against the Company *55 which could not have derived from the collective bargaining agreement,"[2] and (3) he "never once mentioned the collective bargaining agreement nor any section therein in his decision and award."
In Truck Drivers & Helpers Union Local 784 v. Ulry-Talbert Co., 330 F.2d 562, 564 (8th Cir.1964), the court denied enforcement of the award reasoning that the arbitrator had exceeded his authority. The arbitrator had found the employee guilty of the conduct for which he was discharged, but reinstated the employee without back-pay upon the ground that the penalty was too severe. The decision was based on the following provision in the parties' collective bargaining agreement:
"* * * [I]f any grievance, arising out of any action taken by the Company in discharging, suspending, disciplining, transferring, promoting, or laying off any employee, is carried to arbitration, the arbitration board shall not substitute its judgment for that of the management and shall only reverse the action or decision of the management if it finds that the Company's complaint against the employee is not supported by the facts, and that the management has acted arbitrarily and in bad faith or in violation of the express terms of this Agreement."
In Textile Workers Union of America v. American Thread Co., 291 F.2d 894 (4th Cir.1961), the employee was discharged under the following provision: "1. Just cause. Employees shall be disciplined or discharged only for just cause, * * *." The arbitrator found the employee guilty of the offense charged, but held that the offense *56 did not amount to just cause for discharge, and the award ordered suspension for one week.
In denying enforcement of the award, the court stated: "* * * [I]f the express limitation contained in Article III (that the employer's exercise of his reserved right to discipline might be made the subject of a grievance and of collective bargaining, but not of arbitration) means anything, it means that the employer's established disciplinary practices were not to be upset by an arbitrator on the ground of inappropriateness."[3] (Emphasis theirs). Textile Workers Union of America v. American Thread Co., supra at 900.
Clear and specific provisions in the foregoing cases limited the authority of the arbitrator to modify a disciplinary penalty. But no similar prohibition exists in this collective bargaining agreement. Appellant conceded during argument that the arbitrator had authority "to change the remedy or apply a remedy. He got it if he ties it into the agreement." Where the basis of the arbitrator's award with respect to the grievance matter could have rested on an interpretation and application of the agreement, there should be no "second guessing" by the court. United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593; United Steelworkers of America v. American Mfg. Co., 363 U.S. 564; United Steelworkers of America v. Warrior & Gulf Nav. Co., 363 U.S. 574.
*57 The arbitrator's decision changing the discharge penalty to that of suspension without expressly stating that it is based on an interpretation and application of section 6.2 of the agreement is ambiguous. It may be the result of the arbitrator's "personal feelings of propriety" and the imposition of "an impossible burden of proof against the company" which could mean that he exceeded the scope of the submission since the decision was not based on the contract. Or it may be construed as an interpretation and application of section 6.2 of the agreement, where the arbitrator decided that since the penalties provided therein were in the alternative form of suspension or discharge, this was a proper case for suspension instead of discharge. See Local 453, Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO v. Otis Elevator Co., 314 F.2d 25 (2d Cir.1963). "* * * A mere ambiguity in the opinion accompanying an award, which permits the inference that the arbitrator may have exceeded his authority, is not a reason for refusing to enforce the award. Arbitrators have no obligation to the court to give their reasons for an award. To require opinions free of ambiguity may lead arbitrators to play it safe by writing no supporting opinions. This would be undesirable for a well-reasoned opinion tends to engender confidence in the integrity of the process and aids in clarifying the underlying agreement. * * *" United Steelworkers of America v. Enterprise Wheel & Car Corp., supra at 598.
It is conceded by the company that the law applicable in the case is federal and that the holding in In the Matter of the Arbitration Between Local Union 1357, International Brotherhood of Electrical Workers, A.F. of L., and Mutual Telephone Company, 40 Haw. 183, has been "swept into oblivion."
After a careful review of the record and applying the criteria laid down in United Steelworkers of America v. *58 Enterprise Wheel & Car Corp., supra at 597-98, we are convinced that the decision to suspend the employee instead of discharging him was based on an interpretation and application of Article 6.1, and the decision did not go beyond the submission.
The question as to whether there was cause to discharge or suspend the employee under section 6.1 and 6.2 was determined by the arbitrator and so far as the arbitrator's decision concerns the interpretation and application of section 6, this court has no business weighing the merits of the grievance and the award. United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 568. See also Gunther v. San Diego & Arizona Eastern Ry., 34 U.S. Law Week 4058, December 7, 1965.
Judgment affirmed.
NOTES
[1] "6.1 The supervision and control of all operations and the direction of all working forces, which shall include, but not be limited to, the right to hire, to establish work schedules, to suspend or discharge for proper cause, to promote or transfer employees, to relieve employees from duty because of lack of work, or for other legitimate reasons, shall be vested exclusively in the Company, except as otherwise covered in this Agreement.

"6.2 Proper causes for suspension or discharges shall include, but not be limited to, insubordination, pilferage, use of intoxicants during working hours, incompetence, failure to perform work as required, falsification of reports, violation of the terms of this Agreement, violation of the secrecy of communications, failure to observe safety rules and regulations, and failure to observe the Company's House Rules, which shall be conspicuously posted."
[2] "* * * It seems to be the philosophy of the adjudicated cases that the proof of guilt is not the customary proof in criminal cases, beyond a reasonable doubt, but something beyond that degree and to the extent of establishment to the complete satisfaction of the trier of the fact." (Arbitrator's Decision, p. 8).
[3] "`It is agreed that, except as expressly limited or modified in this Agreement, the Company has the right of management. This includes, among other things, the right to plan, direct, control, increase, decrease or discontinue operations; to change machinery or type of products, or demote employees subject to just cause, and to discipline or discharge employees for just cause; * * *; it is recognized further that all rights heretofore exercised by or inherent in the Management, and not expressly contracted away by the terms of this Agreement are retained solely by the Management. Any action by the Company under this Section may be made the subject of collective bargaining and grievance procedure, up to but not including arbitration, unless as otherwise hereinafter expressly provided in this Agreement. * * *.'" (Emphasis theirs). Textile Workers Union of America v. American Thread Co., 291 F.2d 894, 897.