**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000080
19-MAY-2025
08:24 AM
Dkt. 47 SO**

NO. CAAP-22-0000321
(CONSOLIDATED WITH NO. CAAP-22-0000080)


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


DEBBIE EICHELBERGER, Plaintiff-Appellee, v.
RANDALL SPEAR; DAN JEFFERS, Defendants-Appellants,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10;
DOE PARTNERSHIPS 1-10; DOE LIMITED LIABILITY COMPANIES 1-10;
AND DOE ENTITIES 1-10, Defendants.

APPEALS FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC141000478)


SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, and McCullen and Guidry, JJ.)

In these consolidated appeals, Defendants-Appellants Randall Spear (**Spear**) and Dan Jeffers (**Jeffers**) (together, **Defendants**) appeal from the January 24, 2022 "Order Granting in Part and Denying in Part 'Defendants['] . . . Motion to Confirm in Part and Vacate in Part the Final Award of Arbitrator' Filed on December 27, 2017" (**Confirmation Order**), and the April 5, 2022 "Judgment on [Confirmation Order]," both entered by the Circuit Court of the First Circuit.[1]

## I. Background

On February 21, 2014, Plaintiff-Appellee Debbie Eichelberger (**Eichelberger**) filed a complaint against Defendants, asserting twelve claims related to the ownership and management of two bars operating as Arnold's Beach Bar and Grill (**Arnold's**)

---

[1]    The Honorable Gary W.B. Chang presided.

and King's Pub (**King's**).[2]  On April 1, 2014, Defendants answered the complaint, and Spear filed a counterclaim asserting ownership of Arnold's and King's.  Eichelberger and Defendants agreed to have their claims resolved through arbitration with the Honorable Patrick K.S.L. Yim (Ret.) serving as the arbitrator (**Arbitrator**).

The Arbitrator bifurcated the case into two segments.  The first segment comprised arbitration hearings that were held on January 8, 9, and 23, February 6 and 12, March 5, 6, and 8, and April 9 and 10, 2015.

On August 21, 2015, the Arbitrator issued a Partial Final Award of Arbitrator (**Partial Final Award**), which, among other things, awarded joint ownership of Ruma, Arnold's and King's (the **Businesses**) as follows:  75% to Eichelberger, 25% to Spears, and 0% to Jeffers.  The Arbitrator ordered Defendants to perform all acts necessary to restore Eichelberger as sole and controlling manager of the Businesses, and reserved jurisdiction to determine certain monetary claims and any other remedies deemed by the Arbitrator to be fair and reasonable in furtherance of the Partial Final Award.

On August 28, 2015, Eichelberger filed a motion for an order confirming the Partial Final Award, which Defendants opposed.  On September 2, 2015, Defendants filed a motion to vacate the Partial Final Award, which Eichelberger opposed.  On October 7, 2015, the Circuit Court entered:  (1) an order denying Defendants' motion to vacate the Partial Final Award; (2) an order granting Eichelberger's motion for an order confirming the Partial Final Award; and (3) a related judgment.

Meanwhile, the Arbitrator held a further hearing on June 13, 2017, and issued his Final Award of Arbitrator (**Final Award**) on September 28, 2017.  The Arbitrator denied the parties' claims for monetary damages and fees and costs, and relinquished jurisdiction.

On December 27, 2017, Defendants filed a motion to confirm in part and vacate in part the Final Award **(Motion to Confirm/Vacate)**, which Eichelberger opposed.  Defendants

---

[2]    Eichelberger alleged that Ruma Spear, LLC (**Ruma**) owns and operates Arnold's and that Blu Boy, Inc. operates, *i.e.*, does business as, King's.

requested that the Circuit Court: (1) confirm the Final Award as to the parties' monetary claims for the period from September 1, 2013 through September 15, 2015; (2) vacate the Final Award as to the Arbitrator's determination that Eichelberger owned 75% and Spear owned 25% of Arnold's and King's, and any finding on the parties' monetary claims for the period prior to September 1, 2013; and (3) find that the Arbitrator made no determination as to the parties' monetary claims from September 16, 2015, going forward.

On January 24, 2022, the Circuit Court entered the Confirmation Order. The court granted Defendants' request to confirm the Final Award to the extent the Arbitrator denied all claims by the parties for monetary relief. The court denied Defendants' request (a) to vacate the Arbitrator's determination regarding ownership of Arnold's and King's, and (b) to find that the Arbitrator made no determination as to the parties' monetary claims from September 16, 2015, going forward.

On appeal, Defendants contend that the Circuit Court erred in denying their request to vacate the Final Award, where the Arbitrator: (1) exceeded his powers under Hawaii Revised Statutes (**HRS**) § 658A-23(a)(4) and violated public policy in determining the parties' ownership percentages of the Businesses; (2) conducted the arbitration hearing contrary to the provisions of HRS § 658A-15; and (3) violated HRS § 658A-23(a)(3) by failing to postpone the second arbitration hearing. Eichelberger contends as a threshold matter that this court lacks jurisdiction over Defendants' appeal, because Defendants' points of error all involve the denial of their request to vacate portions of the Final Award.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve the parties' contentions as follows.

## II. Discussion

Initially, we conclude that we have jurisdiction over Defendants' appeal from the judgment on the Confirmation Order.

See HRS § 658A-28(a)(6) ("An appeal may be taken from . . . (6) [a] final judgment entered pursuant to this chapter." (formatting altered)).

We resolve Defendants' points of error as follows, and affirm:

(1) Defendants contend that the Arbitrator exceeded his powers under HRS § 658A-23(a)(4)[3] and violated public policy in determining the parties' ownership percentages of the Businesses, where the parties submitted for arbitration the issue of which of two parties, Eichelberger or Spear, owned the Businesses, and "it was clear the two parties could not co-exist."

The Hawaiʻi Supreme Court has stated:

> In determining whether an arbitrator has exceeded his or her authority under the agreement, "there should be no 'second guessing' by the court" of the arbitrator's interpretation of his or her authority so long as the arbitrator's interpretation "could have rested on an interpretation and application of the agreement." Local Union 1260 Int'l Bhd. of Elec. Workers v. Hawaiian Tel. Co., 49 Haw. 53, 56, 411 P.2d 134, 136 (1966); [Univ. of Haw. Prof'l Assembly v. Univ. of Haw.], 66 Haw. [207,] 210, 659 P.2d [717,] 719 [(1983) (per curiam)] (explaining that the issue of arbitrability should be decided by the arbitrator, rather than the court, because "the parties agreed to submit to the arbitrator" disputes of arbitrability); see also Haw. State Teachers Ass'n v. Univ. Lab. Sch., 132 Hawaiʻi 426, 432, 322 P.3d 966, 972 (2014) (upholding the principle that questions of arbitrability are reserved for the arbitrator); [Univ. of Haw. v. Univ. of Haw. Prof'l Assembly], 66 Haw. [228,] 230, 659 P.2d [729,] 731 [(1983) (per curiam)] ("It is the *arbitrator's* construction of the contract which was bargained for." (alterations omitted) (quoting United Steelworkers of Am. v. Enter. Wheel & Car Corp., 363 U.S. 593, 597, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960))[)].

In re Grievance Arbitration Between State Org. of Police Officers and Cnty. of Kauaʻi (SHOPO), 135 Hawaiʻi 456, 463, 353 P.3d 998, 1005 (2015) (footnote omitted).

The one-page Agreement to Participate in Binding Arbitration (**Arbitration Agreement**) signed by Eichelberger, Spear, Jeffers, and the Arbitrator states that at the request of the parties, the Arbitrator "agreed to conduct a binding arbitration of the matters in controversy between them." The

---

[3] HRS § 658A-23(a)(4) (2016) provides: "Upon motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if: . . . [a]n arbitrator exceeded the arbitrator's powers[.]" (Formatting altered.)

Arbitration Agreement further provided that "the Arbitrator shall determine all issues submitted to arbitration by the parties and may grant any and all remedies that the Arbitrator determines to be just and appropriate under the law."

Eichelberger's complaint sought a declaratory judgment "adjudicating the rights and liabilities of the parties to ownership and control of [Arnold's, King's] and Ruma . . . ." Defendants do not point to anything in the record that restricted or limited the Arbitrator's powers in determining the ownership of the Businesses or that required the Arbitrator to choose between Eichelberger or Spear as the sole owner of the Businesses. On this record, we conclude that the Arbitrator did not exceed his powers in determining the parties' ownership percentages of the Businesses.

As to Defendants' public policy argument, the following analytic framework applies:

> First, the court must determine whether there is <u>an explicit, well defined, and dominant public policy</u> that is ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests. Second, the court must determine whether the arbitration award itself is <u>clearly shown to be contrary to the explicit, well-defined, and dominant public policy</u>.

SHOPO, 135 Hawaiʻi at 465, 353 P.3d at 1007 (internal quotation marks and citations omitted; emphases added).

Defendants argue that the Arbitrator's decision "made two persons who could not get along partners, violating public policy." (Emphasis omitted.) But Defendants do not cite any specific Hawaiʻi law or legal precedent that prohibits persons who do not like each other from co-owning a business. Absent an "explicit, well defined, and dominant" public policy, Defendants' argument fails.

Defendants also argue that "the [A]rbitrator's decision that 75% ownership of Arnold's . . . is awarded to . . . Eichelberger orders the Honolulu Liquor Commission [(**HLC**)] to recognize an ownership mandated by the arbitrator and not the [HLC]," contrary to the requirements of HRS § 281-41.

We note, however, that the Arbitrator did not order the HLC to do anything. The Partial Final Award, which was

incorporated by reference into the Final Award, awarded ownership in the Businesses seventy-five percent to Eichelberger, and ordered Defendants to restore Eichelberger to her position as sole and controlling manager of the Businesses.  The Arbitrator did not order the HLC to "recognize" any "ownership," did not require the HLC to approve the transfer of any liquor license, and did not otherwise require any party to violate HRS § 281-41. On this record, Defendants have not clearly shown that the Final Award was contrary to any explicit, well defined, and dominant public policy embodied in HRS § 281-41.

(2) Defendants contend that "the [A]rbitrator conducted the [arbitration] hearing contrary to the provisions of HRS § 658A-15[4/] by:  (i) not allowing Defendants to utilize Arnold Greene [(**Greene**)] as a witness when the [A]rbitrator . . . advise[d] Greene of his Fifth Amendment constitutional right against self-incrimination . . . , where such conduct by the [A]rbitrator prejudiced the rights of Defendants under HRS § 658A-23(a)(2)(C)[];[5/] and (ii) . . . not allowing [Defendants] to call all of their witnesses at the initial arbitration hearing which began on January 23, 2015."  (Footnotes added.)

It is important to note that Defendants do not contend that the Arbitrator refused to allow Greene to testify.  Rather, they argue that when the Arbitrator advised Greene of his Fifth Amendment rights, it "had a chilling effect" when Green chose not to testify.  Defendants cite no Hawaiʻi authority prohibiting an arbitrator from advising a witness of the privilege against self-incrimination.  See Territory of Hawaiʻi v. Lanier, 40 Haw. 65, 77 (Haw. Terr.  1953) (recognizing that a judge has discretion to advise a witness of the privilege against self-incrimination but is not required to do so (citing Republic of Hawaiʻi v. Parsons, 10 Hawaiʻi 601 (Haw. Rep. 1896))).  Moreover, Defendants point to

---

[4/]    HRS § 658A-15(d) states that "a party to the arbitration proceeding has a right to be heard, to present evidence material to the controversy, and to cross-examine witnesses appearing at the hearing."

[5/]    HRS 658A-23(a)(2)(C) provides:  "Upon motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if: . . . [t]here was . . . [m]isconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding[.]" (Formatting altered.)

nothing in the record indicating that the Arbitrator's advisement amounted to an abuse of discretion in the circumstances of this case.

Defendants make the blanket assertion that the Arbitrator did not "allow[ them] to call six witnesses at the 2015 arbitration hearing." They do not point to where in the record they established a ruling by the Arbitrator excluding these proposed witnesses, and what offer of proof they made to the Arbitrator as to what evidence would be adduced from each of them. We are not obligated to search the record for this information. Hawaii Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 480, 164 P.3d 696, 738 (2007) (quoting Lanai Co. v. Land Use Comm'n, 105 Hawaiʻi 296, 309 n.31, 97 P.3d 372, 385 n.31 (2004)). Additionally, Defendants make no argument on appeal as to how they were prejudiced by the Arbitrator's purported ruling. See HRAP Rule 28(b)(7). We decline to address Defendants' contention, which was not properly preserved or presented.

(3) Defendants contend that the Arbitrator violated HRS § 658A-23(a)(3)[6] by failing to postpone the June 13, 2017 hearing "when [Eichelberger] provided documents [to Defendants] one day before the arbitration hearing and there still was discovery outstanding." Defendants assert that they "moved to continue the arbitration hearing . . . because [Eichelberger] had only provided some of the requested discovery . . . the day before the arbitration hearing." They further argue that the Arbitrator, in denying Defendants' June 2, 2017 motion for sanctions against Eichelberger, "was wrong in asserting that there was no prejudice to [Defendants]" caused by Eichelberger's failure to comply with the Arbitrator's discovery order.

Eichelberger argued below, and continues to assert on appeal, that Defendants did not actually request a continuance of the June 13, 2017 arbitration hearing. The Circuit Court concluded that "there was no formal motion to continue the second

_____

[6] HRS § 658A-23(a)(3) provides: "Upon motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if: . . . [a]n arbitrator refused to postpone the hearing upon showing of sufficient cause for the postponement . . . ." (Formatting altered.)

arbitration [hearing]" and "no actual request for a continuance, although the matter of a continuance was referred to in the papers."[7]

Even if we assume that Defendants did request a continuance of the June 13, 2017 hearing, on appeal, they offer no argument as to how they were prejudiced by the claimed denial of that request.  They argue generally that "documents that were essential for the arbitration hearing were not provided by Eichelberger," but they do not explain how any specific requested documents were material, much less "essential," to Defendants' claims or defenses.  On this record, we cannot say that the Circuit Court erred in denying Defendants' request to vacate in part the Final Award based on the alleged failure of the Arbitrator to postpone the June 13, 2017 arbitration hearing.

### III. Conclusion

For the reasons discussed above, we affirm the January 24, 2022 "Order Granting in Part and Denying in Part 'Defendants['] . . . Motion to Confirm in Part and Vacate in Part the Final Award of Arbitrator' Filed on December 27, 2017" and the April 5, 2022 "Judgment on [Confirmation Order]," both entered by the Circuit Court of the First Circuit.

DATED:  Honolulu, Hawaiʻi, May 19, 2025,

On the briefs:

Keith M. Kiuchi
for Defendants-Appellants.

Mark S. Kawata
for Plaintiff-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge

---

[7]     In Defendants' reply in support of their motion for sanctions, they specifically argued against another continuance, instead urging the Arbitrator to dismiss Eichelberger's claims.  Nevertheless, in a declaration of counsel supporting Defendants' Motion to Confirm/Vacate, counsel stated that at the June 13, 2017 hearing on the motion for sanctions, counsel asked for the arbitration hearing to be continued, and the Arbitrator denied the request.

8